# DAVID VINCENT NOCERA *v.* STATE OF MARYLAND

[No. 1248, September Term, 1976.]

*Decided June 7, 1977.*

The cause was argued before THOMPSON, POWERS and LOWE, JJ.

*Owen M. Taylor* and *John M. Binetti* for appellant.

*W. Timothy Finan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Gary Neal, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

Appellant David Vincent Nocera was tried in the Circuit Court for Prince George's County for assault with intent to murder and assault and battery. The charges arose from a

fracas between a number of revelers and the police officers who attempted to mute the din of their music. Appellant was acquitted by the court, sitting without a jury, of the first crime, but convicted of the second. He raises five contentions upon appeal, but because our review of the record convinces us that appellant was denied the right to a speedy trial, we shall only address that issue.

The relevant progress of events was as follows:

7/20/75 - Appellant arrested.

8/22/75 - Petition for immediate trial and waiver of rights to grand jury indictment.

11/5/75 - Indictment filed despite waiver two months earlier.

11/20/75 - Appellant failed to answer when called for arraignment; bench warrant issued.

11/26/75 - Counsel for appellant entered appearance; plea of "not guilty" filed.

12/5/75 - Appellant released on $10,000 property bond.[1]

12/10/75 - Trial scheduled for 2/3/76.

2/3/76 - Trial continued upon State's request due to illness of the assaulted officer; trial scheduled for 4/1/76.

3/19/76 - Appellant's motion to continue trial due to prospective absence of defense witness filed.

3/24/76 - Motion for continuance granted; trial scheduled for 6/1/76.

5/24/76 - Appellant's motion to consolidate this and related cases filed.

6/1/76 - Motion to consolidate denied; trial continued upon State's request due to

---

1. Although it is not clear from the record, we divine that appellant was released shortly after the July 20 arrest, rearrested in November, and promptly released on bail. He apparently spent little or no time in jail.

the fact a prosecuting attorney had not been assigned to the case;[2] trial scheduled for 6/15/76; "no further continuances" noted on docket sheet.

6/8/76 - Appellant's motion to consolidate filed.

6/15/76 - Motion to consolidate denied; trial continued upon State's request due to prosecuting attorney's trial of another case; trial scheduled for 7/28/76.

7/28/76 - Trial continued at State's request due to illness of the assaulted officer; trial scheduled for 9/20/76; "no further continuances to be granted due to the illness of Officer Henegan" noted on docket sheet.

7/30/76 - Appellant's motion to reconsider motion to consolidate filed.

8/13/76 - Motion denied.

9/20/76 - Oral motion to dismiss for lack of speedy trial made and denied; trial commenced.

9/22/76 - Verdict rendered.

The interval we must consider in deciding whether appellant was denied a speedy trial begins on date of arrest, *United States v. Marion*, 404 U. S. 307, 320, and ends on the day trial commenced. *Epps v. State*, 276 Md. 96, 109, but see *State v. Wilson*, 35 Md. App. 111, 116, where time stopped running at the date of the hearing on the motion to dismiss. The delay here of 14 months is great enough to require us to scrutinize the facts incident to the continuum in light of the

---

2. The record does not unambiguously show that a prosecutor had not been assigned to the case, for no transcript of the hearing on the motion to continue is before us. However, appellant alleges in his brief that this was the basis of the State's motion, and the State in its brief concedes that it "had not yet been able to assign an attorney to the case." Furthermore, the assistant State's Attorney who ultimately did prosecute the case stated in open court on the day of trial that he had not been assigned the case until July 28, 1976.

standards set forth in *Barker v. Wingo*, 407 U. S. 514. See *Dorsey v. State*, 34 Md. App. 525.

### Assertion of the Right

The least significant factor here is "assertion of the right", although the right, when it is properly asserted, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right to speedy trial. *Barker, supra*, 407 U. S. at 531; *Jones v. State*, 279 Md. 1. In August 1975 appellant petitioned the district court for an immediate trial pursuant to Md. Rule 709 a. Although this rule was not designed as an alternative way to assert one's constitutional right to a speedy trial, *State v. Murdock*, 235 Md. 116, 119, appellant's petition for "an immediate trial date in order to insure the presence of all witnesses at trial and the accuracy of their testimony" waiving any grand jury rights, can reasonably be construed as putting the State on notice that appellant desired a prompt resolution of the charges against him. "Invocation of the speedy trial provision thus need not await indictment, information or other charge." *United States v. Marion, supra*, 404 U. S. at 321. Contrary to what the State suggests (but does not state) in its brief, a formal motion for a speedy trial is not a prerequisite to the invocation of the right. See *Smith v. State*, 276 Md. 521, 532; *Epps v. State, supra*, 276 Md. at 117-118.

Although no written motion for a speedy trial was ever filed, appellant argues that he repeatedly requested a speedy trial and moved orally for such at the February 3, June 1, June 15 and July 28 hearings. We find no notations of such motions on the docket or elsewhere in the record, and the State does not concede that such motions were made. Accordingly, we reject appellant's allegations.

But unlike the record in *Barker v. Wingo, supra*, the record here does show opposition to the State's motions to continue which can be construed, if not as a formal assertion of his right, at least as indicative of an intent not to abandon it. See *Barker v. Wingo, supra*, 407 U. S. at 534. The

significance of the relationship between appellant's opposition to the State's motions for a continuance and appellant's own motions to consolidate cannot, on this record, be fully analyzed. While appellant argues that he had solid legal basis for his motions and that, when they were denied, he was prepared to go to trial immediately, the State argues that appellant was not in fact prepared for trial, and that the motions for consolidation belie any request for an immediate trial. Here, too, only appellant's assertion upon appeal and our speculation, not evidence in the record, can be used to resolve the conflict, and we accordingly decline to so speculate. This evidentiary void points up the need for counsel to develop fully and on the record all the reasons assigned during the hearing on the motion to dismiss for lack of a speedy trial. *Cf. Brady v. State*, 36 Md. App. 283 (1977).

The only motion with regard to a speedy trial confirmed by the record and made in the circuit court was the one advanced on the day of trial to dismiss the indictment for lack of a speedy trial. This, of course, was not a motion to be tried, but a motion not to be tried, *State v. Murdock, supra*, 235 Md. at 121, and, therefore, does not tend to support appellant's argument that he effectively demanded a speedy trial. See *Evans v. State*, 30 Md. App. 423, 430-431; *Todd and Merryman v. State*, 26 Md. App. 583.

While we conclude that there is some evidence of record which tends to support appellant's contention that he demanded a speedy trial, the evidence is not such as to compel giving this factor "strong evidentiary weight". *Barker, supra*, 407 U. S. at 531. On the other hand, the appellant had no duty to bring himself to trial — that burden was upon the State. *Barker, supra*, 407 U. S. at 529, *Epps v. State, supra*, 276 Md. at 105. Accordingly the evidence is sufficient to overcome the effect of the rule that a failure to assert the right will make it difficult to prove denial of a speedy trial. *Barker, supra*, 407 U. S. at 532. On the facts here, we consider "assertion of the right" a neutral factor.

## Prejudice

The next factor to evaluate is prejudice. As explicated by *State v. Wilson, supra*, 35 Md. App. at 127-136, there may be prejudice to the person by way of pretrial incarceration, anxiety, financial strain and loss of employment; and there may be prejudice to the defense through loss of witnesses or fading memory. Incarceration is apparently not a factor in this case, but anxiety and other prejudices to the person are presumed "at the very instant when review itself is necessitated." *State v. Wilson, supra*, 35 Md. App. at 123. The fact that appellant was required to post a $10,000 property bond might add a grain of actual prejudice, but inasmuch as appellant neither here nor below argued that any particular hardship attended this burden, we conclude that only presumed personal prejudice was shown.

Appellant attempted to convince the trial judge on the day of trial that the 14-month delay had prejudiced the defense because witnesses who otherwise might have testified in his behalf were not in court. However, these allegations were very general, and there was no suggestion that a crucial defense witness had become unavailable. More significantly, in response to the court's inquiry, appellant indicated that the allegedly missing witnesses had not been subpoenaed, and that the only effort to secure their presence had been telephone calls. Although asserted, no prejudice to the defense was shown.

## Reasons for Length of Delay

The final factor is the length of the delay in light of the reasons given to explain it. In this case, on these facts, it proves to be determinative.

Paraphrasing what has been said so often before, different reasons for delay should be assigned different weights, and the length of delay tolerated will depend upon the facts and the nature of the case. *Barker, supra*, 407 U. S. at 530-531; *Jones v. State, supra*, 279 Md. at 6-7. A certain period (dependent upon the facts and nature of the case) is necessary for the orderly administration of justice, and this

lapse is a neutral period to be weighed against neither the State nor the defendant. *E.g., Lee v. State,* 32 Md. App. 671; see *Epps v. State, supra.* If a delay is occasioned by the defendant, that portion is weighed against him. *E.g., Isaacs v. State,* 31 Md. App. 604; *Pennington v. State,* 19 Md. App. 253. A delay caused by the forgivable absence of a witness is a neutral reason. *Smith v. State, supra,* 276 Md. at 529; *Williams and Burchett v. State,* 17 Md. App. 110. A deliberate delay by the State will be weighed against it heavily. *State v. Lawless,* 13 Md. App. 220. Delays due to overcrowded dockets or the State's benign neglect will be weighed against the State, and given greater weight as the delay lengthens. *Jones v. State, supra; Epps v. State, supra.* The keynote, however, as recently illustrated in *Jones v. State, supra,* is that each case depends upon its facts.

The period of delay from arrest on July 20, 1975 until the date of trial (initially scheduled to begin on February 3, 1976), is more than one might expect to be readily forgivable for the preparation of this factually uncomplicated, though contested, case. At most, one week of this 6½ month period is chargeable to appellant's failure to appear for arraignment. While under the circumstances of this case we are inclined to feel that 25 weeks is more than is necessary for the preparation by the State in the orderly administration of justice, we are loath to limit the State too stringently (unless the length of the preparatory period were critical) in view of the extreme sanction required for the violation of the right to a speedy trial. However, we can classify this entire period as essentially neutral, because our ultimate result does not turn on the requirements of time needed for preparation, but the same result may not follow in a different case.

Leaving that period in a state of imbalance, we turn to examine the ensuing five continuances. We believe the February 3 continuance due to Officer Henegar's illness justified and thus neutral, and give little weight to appellant's proffer at trial that the officer had not been too ill to appear in court on February 4. The second continuance for the officer's health, on July 28, we find justified as well,

although, like the trial judge as reflected in the docket entry, we do so somewhat grudgingly in view of the numerous prior delays. The continuance granted appellant on March 24 due to the prospective absence of a defense witness would ordinarily be charged to him, and would be done so here if the trial had begun as rescheduled on June 1; but, on June 1 the trial was again postponed, this time *because a prosecuting attorney had not yet been assigned to the case.* The State's unabashed admission that this was indeed the reason for the continuance renders insignificant all the justifiable delays which had already occurred, for it is clear that the trial could not have begun prior to June 1 even if Officer Henegar had been well on February 3. If an attorney had originally been assigned to prosecute the case, but was then relieved of the assignment when it appeared on February 3 that the trial would have to be postponed, the State had the burden of proving as much to the trial judge.[3] Moreover, inasmuch as we are required to make an independent constitutional survey of the record, and are not permitted therefore to assume that the trial judge acted properly in granting the continuance on June 1, the State is obliged to ensure that its proof will appear in the record. *Cf. Jones v. State,* 280 Md. 282 (1977); *Gladding v. Langrall, Muir and Noppinger,* 36 Md. App. 225 (1977). The proof, if there was such, does not appear in the record. Accordingly, we have no choice but to conclude that the trial could not have begun for want of prosecution prior to June 1, 1976.

In view of the aforegoing, the fact that an additional delay (from June 15 until July 28 due to the assigned prosecutor's

---

3. Md. Rule 740, by reference to Md. Code, Art. 27, § 591, provides that

"[t]he date established for the trial of the matter shall not be postponed except for extraordinary cause shown by the moving party . . . ."

While § 591 is directory rather than mandatory, Young v. State, 15 Md. App. 707, *aff'd* 266 Md. 438, the existence of the right to a speedy trial presupposes that a continuance cannot be allowed unless, in the context of the assertion of the right to a speedy trial, the trial judge finds — based on the State's proof — that delay is justifiable. See ABA *Standards for Criminal Justice,* Speedy Trial § 1.3.

preoccupation with another trial) must be charged to the State can only make appellant's contention that he was denied a speedy trial stronger. Nor did his motions to consolidate his case with that of his codefendants (which were opposed by the State and denied by the court) weaken it. Furthermore, the insistence by the State upon obtaining a grand jury indictment, in the face of appellant's waiver for purposes of expediting trial, is indicative of the utter lack of regard given by the State to its duty to move expeditiously in prosecuting appellant. See *Barker, supra,* 407 U. S. at 529; *Epps v. State, supra,* 276 Md. at 105. Two months were consumed by that procedural disregard.

On balance, we conclude that appellant was denied the right to a speedy trial because, while no actual prejudice was shown, he did make known his desire to be tried promptly, waiving another right to do so, and from the record, there is a lengthy delay ultimately chargeable to the State's unconcerned languor, at best, or bad faith, at worst.

The other issues raised by appellant fall in the wake of our result.

> *Judgment reversed.*
> *Costs to be paid by Prince George's County.*