CARLA SUE CHANCE *v.* STATE OF MARYLAND

[No. 1114, September Term, 1979.]

*Decided May 9, 1980.*

The cause was argued before MOORE, LOWE and COUCH, JJ.

*Patricia A. Logan, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,*

and *Steven Sacks, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

Carla Sue Chance was convicted in the Criminal Court of Baltimore of murdering her erstwhile paramour but the case was not tried for twenty-one months and four days from her arrest. She has raised six assignments of error, but because we are convinced that she was denied a speedy trial, it will be unnecessary to address the other five. We have analyzed the delay pursuant to the admonition of *Barker v. Wingo,* 407 U.S. 514 (1972), and find that the State was responsible at least for twelve months of the delay, the defendant was responsible at most for two months, and the balance of something over seven months fall under a no-fault category being either neutral or possibly attributable to both State and appellant. See *Nocera v. State,* 36 Md. App. 317, 322-323 (1977), *cert. denied,* 281 Md. 741, 742, 744 (1977). In light of the recent rule (Md. Rule 746) and rulings (*State v. Hicks,* 285 Md. 310 (1979)) of the Court of Appeals, it is apparent that an unjustified delay *in excess* of six months is no longer tolerable. But see *Wilson v. State,* 44 Md. App. 1, 17-18 (1979). Having erred, if at all, on the side of neutrality in our balancing process, we find that a year *in excess* of time admittedly adequate for "orderly procedure" is too much.

The time periods will be considered in seven parts:

1. 7/6/76 (arrest) to 11/3/76 (continuance) —

    3 months 27 days.

    Reason — orderly procedure conceded. *Epps v. State,* 276 Md. 96, 112 (1975).

    Neutral

2. 11/3/76 to 3/14/77 — 4 months 11 days
    State justification
    a. Docket entry shows "no court available" — but see *Epps v. State, supra* at 114-116.
    b. State contends delay necessary to investigate defense counsel for alleged

subornation, but see *Jones v. State,* 279 Md. 1, 9-10 (1976), *cert. denied,* 431 U.S. 915 (1977).

c. Appellant rearrested on separate charge but released same day. No justification.

Charged to               State

3. 3/15/77 to 5/16/77 — 2 months 1 day State justification

Absent police witness (for medical reasons), would have been forgiveable, *Nocera v. State,* 36 Md. App. at 323; however, because witness ultimately was never called and the delay was coincidental while this case was still subject to the investigation of the defense attorney, the delay is not justified.

Charged to               State

4. 5/16/77 to 9/14/77 — 4 months (less 1 day) State justification

Defense filed insanity plea after suicide attempt. Case postponed to permit psychiatric evaluation at the Springfield Hospital Center. The first 2 months within which a report must be submitted by the State, Md. Code, Art. 59, § 26 (a) is "neutral and reasonable". *State v. Statchuk,* 38 Md. App. 175, 183 (1977), *cert. denied,* 282 Md. 739 (1978).

The following 2 months are unexplained and chargeable to the State which is responsible for the delay in reporting as well as for bringing defendant to trial. See *Smith v. State,* 276 Md. 521, 529 (1976).

Charged to          State — 2 months
                    Neutral — 2 months

5. 9/14/77 to 11/29/77 — 2 months 15 days State justification

Jewish holiday for both counsel and the judge. That would excuse one day; however, it should have been foreseen by the court administrator.

524

There is no justification offered for the remaining 2 and 1/2 months.

Charged to                                                    State

6. 11/29/77 to 3/3/78 — 3 months 4 days State justification

Joint postponement request. Absence of both State and defense witnesses.

Charged to                                                  Neutral

7. 3/3/78 to 4/10/78 — 1 month 6 days State justification

Two witnesses (police officers) unavailable. One was recuperating at home from an accident, the other was attending a police school. Neither excuse was justifiable absent a showing that the police officer recuperating was too ill to attend. Court cases on the other hand come before police seminars.

Charged to                                                    State

In no instance but one did the defense consent to the postponements or to their length and several times objected to the delays. On at least three occasions the record shows express objections. Such objections are in themselves assertions for a speedy trial, *Nocera, supra,* and while not formal assertions by motion, are something more than acquiescence to the inevitable. Appellant is not saddled with the heavy burden of failing to assert altogether, *Barker v. Wingo, supra* at 532, but neither did she add but little weight to her cause.

Although no specific prejudices were pointed to, appellant testified to her state of mind brought on by anticipation indicating intensely enhanced, presumed prejudices such as anxiety, etc. So much was appellant affected that she claimed, without contradiction, that her suicidal attempt stemmed from the delays working on her known emotional instability. While it is hard to believe that delay was the sole cause of the emotional collapse, we cannot disregard its effect altogether. This is so especially in light of the results of her mental examination, the report of which was brought to us by

motion to supplement the record which we granted. That report, submitted to the court on June 3, 1977, urged expedition in the proceedings to aid her condition of anxiety and depression.

> "The Forensic Team recommended out-patient therapy to help her to work through her anxiety and depression and other underlying difficulties which she might have on an out-patient basis. It was also recommended that she have a speedy trial which might help her to know where she stands rather than kept waiting which might add to her overall tenseness."

Despite this admonition from its own medical advisors, the State did not get around to trying appellant for ten more months.

The prejudice then is something more "than the presumed prejudice", *Smith v. State, supra,* but falls short of ascertainable specificity although appellant's contention that the delays brought on the temporary loss of one of her witnesses, compelling her acquiescence to one of the continuances, has a decided ring of plausibility, and we are to be the judges of that. *Walker v. State,* 12 Md. App. 684, 694 (1971).

The determining factor in our analysis, however, is the length of delay, the excuses therefor and the lack of justification offered by the State. The gradual tightening by the Court of Appeals of tolerable limits has culminated in the enacting of Md. Rule 746 which establishes a six month maximum as the time within which a trial should be had. While that period is not mandatorily applicable here, see *Hicks, supra,* it is certainly a light beam from which we cannot turn, indicating the path we are expected to follow. The unexcused period of one year beyond the six months that even the Legislature recognizes as a maximum, Md. Code, Art. 27, § 591, is far too much to overlook. *Wilson v. State, supra.* After all, the State in whatever form, prosecutor, court administrator, mental health examiner or judge, is

responsible for expedition in bringing an accused to trial speedily, *cf. Smith, supra* at 529. Even when the weight of delay is neutralized by circumstance or explanation, the State is not *excused* from bringing it promptly to trial. Any delays exceeding the permissible period of orderly trial preparation must not only be explained by the State, they must be justified.

When the continuances are requested, *e.g.,* recuperating or ill witnesses, school attendance, religious holidays and even examinations of the accused, the administrative judge must carefully appraise not only the cause (such as illness, etc.) but the degree thereof in order to justify the extraordinary cause for which a continuance may be granted. Md. Code, Art. 27, § 591; Md. Rule 746. If the cause for a continuance was not "extraordinary" according to our constitutionally mandated independent review of the record, the ensuing delay will not be justified, even if explained. For purposes of speedy trial reviews, the State cannot rely entirely upon the fact that a continuance was granted by a judge to excuse the delay thereby caused. And even if the cause for continuance *is* extraordinary, the full period until the new trial date must then be justified as well.

More importantly, the administrative judge (as well as the prosecutor) is administratively responsible for seeing that a continuance, even when justified in purpose, is not extended unnecessarily. (*E.g.,* two and a half months for a religious holiday.) There seems no coordination here or in most instances between the purpose for, and the period of, postponements. If the periods are held to a minimum for the purpose granted, even when court-wise defendants are manipulating the system, prompt reassignment will frustrate their purpose by holding their feet to the fire.

With dismissal as the sanction for dalliance, the State's casual efforts in reassigning trials must become intense — prosecutorially, judicially and clerically — lest despite sometime convictions, the guilty go unpunished.

*Judgement reversed.*
*Costs not to be reallocated pursuant to Maryland Rule 1082 f.*