## GENE THOMAS MEYER *v.* STATE OF MARYLAND

[No. 1536, September Term, 1980.]

*Decided July 9, 1981.*

The cause was argued before LOWE, LISS and WILNER, JJ.

*John T. Bell* and *Elbert R. Shore,* with whom were *Frank S. Cornelius, Alfred L. Rehder, James R. Clifford, Richard S. Ulf, Andrew Askland* and *Bell, Cornelius & Shore* on the brief, for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, F. Ford Loker, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City* and *Charles Lamasa, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Appellant, Gene Thomas Meyer, was tried and convicted by a jury in the Criminal Court of Baltimore on a one count indictment charging him with solicitation to commit murder.

On June 12, 1980 a hearing was held on appellant's motion to suppress the evidence. The motion was denied. Trial was scheduled for July 7, 1980, along with a motion to reconsider the motion to suppress. Prior to trial, appellant addressed a letter to his attorney of record in which he alleged that associate counsel had notified him that if more money was not forthcoming, associate counsel would not do an effective job representing him at trial. Appellant then advised his attorney that he wished to fire him and obtain new counsel. Appellant appeared at trial with his attorney of record but represented to the trial judge that he did not wish to have his attorney represent him and requested a continuance for the purpose of obtaining new counsel. The trial judge then referred the matter to the administrative judge.

The administrative judge denied appellant's motion for a

continuance on the ground that the last minute request for a postponement was prejudicial to the administration of justice and found no justifiable basis for granting the continuance. The case was referred back to the trial judge for a hearing on the pending motion to reconsider the motion to suppress. The judge inquired as to whether the appellant wanted the motion for reconsideration to be argued by counsel of record (his original attorney). The appellant expressed confusion and an inability to answer the court's inquiry because he believed that he had fired his original counsel. After some further discussion, appellant agreed to allow counsel to argue the motion. The judge again denied the motion to suppress and the case was sent to another judge for trial.

When the case was called for trial (the same day) the appellant advised the trial judge that he was not represented by counsel and repeated the information given to the administrative judge and requested a 30-day continuance to employ new counsel. The trial judge advised the appellant that only the administrative judge had the authority to grant a continuance under Maryland Rule 746. The court further advised the appellant that his choice was to proceed with his attorney of record or to undertake to represent himself. Appellant replied that he was not able to represent himself and that he did not feel his lawyer would do an adequate job. The court then recessed to allow appellant to think over his choice. After the recess the appellant advised the trial judge he did not want counsel of record to represent him and the judge thereupon signed an order submitted by counsel striking his appearance as counsel of record for the appellant. Appellant stated his objection to being required to represent himself, saying, "Your Honor, I object. There is no way I can sit here properly and defend myself."

The trial judge then called the public defender's office which dispatched a lawyer to the courtroom. After being advised of the circumstances, however, the public defender advised the court that in view of the serious nature of the

case and his unfamiliarity with the facts, he could not undertake to represent the appellant without some time to prepare the case. The trial judge advised him he was going to proceed without delay.

The trial judge then announced that the trial would proceed with the appellant being required to represent himself. A jury panel was then called and the State exercised its right to strike; the appellant, when asked whether he had any objection to the selection of a particular juror to serve, remained mute and did not participate in any manner in the selection of the jury. The jury was sworn and the trial judge advised the jury that the appellant desired to represent himself. The appellant promptly told the jury and the trial judge of his objection to the court's statement. He stated, "You have instructed the jury that I want to represent myself. I do not want to represent myself." Before the first witness was called the judge advised the jury and the parties that where appropriate, he would make objections on appellant's behalf in order to preserve appellant's objection to the admission of specific evidence. The record indicates that from time to time during the trial the judge did object on behalf of the appellant, and then overruled it over objection. Appellant presented no evidence on his behalf; did not cross-examine the witnesses, argue to the jury or participate in any degree in the trial. The jury returned a guilty verdict and sentence was imposed. It is from that judgment that this appeal was noted.

Appellant raised the following issues to be decided by this appeal:

I. Did the administrative judge err in denying appellant's motion for a continuance by failing to allow appellant the opportunity to show good cause as was the standard required for the court's decision under Rule 746 b?

II. Did the trial judge err in allowing the appellant to be tried without an attorney without making a finding under Rule 723 e that appellant had waived counsel by neglecting to obtain counsel?

III. Even were the trial judge to have made a finding under Rule 723 e, did the lower court err to have found that appellant waived counsel, and therefore, was the appellant tried and convicted in violation of his constitutional right to the effective assistance of counsel?

I.

Rule 746 and its statutory predecessor, Maryland Code (1957, 1976 Repl. Vol.) Art. 27, Sec. 591, were designed to avoid frequent requests by counsel for a continuance which interfered with the orderly disposition of cases. Authority to grant a continuance was vested solely in the administrative judge of each circuit, and parties requesting a continuance were required to demonstrate "extraordinary cause" to justify the request. Shortly before the trial of the appellant, the rule was changed to require a lesser standard; *i.e.*, that the applicant for continuance show only "good cause" to justify the granting of the continuance.

Appellant contends that the administrative judge did not permit appellant adequate opportunity to satisfy the court that he had met the "good cause" standard to justify his request for a continuance. We do not agree. The administrative judge had read the letter of appellant dated June 20, 1980 in which appellant expressed dissatisfaction with counsel of record. He heard the appellant's version of events at the continuance hearing. He heard the responses of counsel of record and his associate, who denied the allegations of the appellant. The judge was advised by counsel of record that he was prepared to try the case, had his *voir dire* questions ready, had prepared his request for jury instructions, and had visited the appellant at the Patuxent Institute in preparation for trial. In the light of these circumstances we find no abuse of the discretion vested in the administrative judge by Rule 746 b. *See Guarnera v. State,* 20 Md. App. 562, 318 A.2d 243 (1974); *Brown v. State,* 27 Md. App. 233, 340 A.2d 409 (1975).

## II. and III.

Appellant concedes that the trial judge complied with the requirements of Rule 723 c and d, which states in pertinent part, as follows:

c. *Waiver Inquiry.*

When a defendant indicates a desire or inclination to waive counsel, the court may not accept the waiver until it determines, after appropriate questioning on the record in open court, that the defendant possesses the intelligence and capacity to appreciate the consequences of his decision, and fully comprehends:

1. The nature of the charges against him, any lesser included offenses, and the range of allowable penalties including mandatory and minimum penalties, if any;

2. That counsel can render important assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof, and in preparing for and representing him at trial;

\* \* \*

4. That if the defendant is found to be financially unable to retain private counsel, the Public Defender or the court would, if the defendant wishes, provide counsel to represent him.

d. *Procedure After Waiver Inquiry.*

\* \* \*

2. If the defendant appears in court without counsel, at any proceeding after his appearance pursuant to section a of this Rule, the court may not proceed before determining whether the defendant at that time desires to waive counsel, or has waived counsel, either affirmatively or by neglecting or refusing to obtain counsel.

He contends, however, that the trial judge failed to comply with subsection e of Rule 723, which provides as follows:

e. *Record of Compliance.*

The advice of the court given pursuant to sections b and c of this Rule and the finding that the defendant waived counsel pursuant to sections c and d of this Rule shall be made on the record in open court. The docket entries shall affirmatively show compliance with this Rule.

We do not agree. From our own independent review of the record, we conclude that while the trial judge did not flatly rule that the defendant had waived his right to counsel, that ruling is implicit in his statement to the appellant immediately before the beginning of the trial, where the judge stated:

Yesterday, you [referring to appellant] indicated you didn't want Mr. Seekford [appellant's counsel of record]. I think I gave you sufficient opportunity to make this decision. You did not want to have him forced upon you. I think I advised you of the perils of proceeding alone. I have made an effort to get the Public Defender in the case. I intend to proceed.

The State admits that the docket entries do not reflect compliance with subsection e of Rule 723. The State suggests, however, that this omission was a purely ministerial failure which can and should be cured by an order to the clerk of the trial court to amend the docket entries to reflect the proceedings which occurred as evidenced by the record.

This still leaves, however, the question as to whether the record discloses that the appellant waived his right to counsel, either affirmatively or by neglecting or refusing to obtain counsel. Rule 723 c.

The Court of Appeals said, in *State v. Renshaw,* 276 Md. 259, 347 A.2d 219 (1975) that the standard for waiver of the right to counsel is to show that the defendant is competent

to waive the right to counsel, and that he knowingly and intelligently has done so after having been made aware of the advantages and disadvantages of self representation. The record supports the conclusion that the trial judge explained the requirements of the latter portion of the standard to the appellant *ad nauseam* but at no point in the record did the appellant waive his right to counsel. As a matter of fact, the appellant consistently contended that he was not competent to represent himself and that he did desire a lawyer and a 30 day continuance to secure another lawyer to replace his lawyer of record.

Faced with the ruling of the administrative judge that no continuance would be granted,[1] the trial judge on several occasions advised the appellant that he must either proceed with counsel of record or he would be required to represent himself. Appellant refused to accept either of these choices and the trial judge then ordered the trial to proceed. We find no abuse of discretion as to this action by the trial court. However, we conclude that the trial judge erred when he struck the appearance of counsel of record and permitted him to withdraw his appearance from the case before the beginning of trial. Defense counsel, upon being advised by the judge that an order had been signed permitting him to strike his appearance, delivered to the appellant *voir dire* questions which had been prepared for the selection of the jury, a motion *in limine* which sought to restrict evidence which might be offered by the State, and proposed jury instructions. There is absolutely nothing in the record which would indicate that the appellant was competent to understand or use this material.

We conclude that *State v. Renshaw, supra,* is dispositive of this issue. In *Renshaw,* the appellant advised the trial judge that he was dissatisfied with counsel appointed to represent him and requested the appointment of new counsel. After hearing the appellant's reasons for the

---

1. We have no quarrel with the administrative judge's action since the record disclosed that defense counsel had been replaced on one prior occasion at appellant's request, and there were at least two prior scheduled trial dates which were postponed at appellant's request.

request, the trial judge declined to appoint other counsel and directed the jury trial to proceed. The court then directed counsel as follows:

> THE COURT: Gentlemen, Mr. Bathon, I realize what an awkward position you are in and I will explain to the Jury after the case is all over that *Mr. Renshaw has elected to proceed without your help.* But, *if I were you, I would not do anything* unless Mr. Renshaw asks you to do it. . . . [276 Md. at 263.] [Emphasis in original.]

The record in this case does not support a conclusion that the appellant ever indicated a desire to waive representation and to proceed in proper person. His position from the beginning was that he wanted to be represented by an attorney and his sole request was that he be given an opportuntiy to employ new counsel because he had lost confidence in his previously self-employed lawyer. A request for new counsel is not a waiver of the right to counsel. *See United States v. Fay,* 364 F.2d 219 (2d Cir. 1966). *See also United States v. Woods,* 487 F.2d 1218 (5th Cir. 1973); *United States v. Curtiss,* 330 F.2d 278 (2d Cir. 1964), where it was held that it was erroneous to require a defendant to try his own case without a clear statement that he wished to do so.

The Court of Appeals stated, "In sum, a request for different counsel is not a waiver of the Sixth Amendment right to assistance of counsel." *State v. Renshaw, supra,* at 267.

The trial court's responsibility under circumstances as here related was spelled out as follows:

> Where the accused cannot waive the right to counsel, or has not effectively done so, the court must take steps to insure that the accused is represented by counsel even if he professes his unwillingness to have a lawyer. *McCloskey v. Director,* 245 Md. 497, 504, 226 A.2d 534, *cert.*

*denied,* 388 U.S. 920 (1967); *see United States v. Dujanovic,* 486 F.2d 182 (9th Cir. 1973). So also in a case like the one at bar, where the accused fails to waive his right to counsel by making an unequivocal choice, but merely insists on a different lawyer, effective legal representation must be required by the court. Id. at 268.

In the case at bar the trial court had before it competent counsel who had represented the appellant over a period of six months; filed and argued motions to suppress evidence on at least two occasions; was thoroughly familiar with the facts and law of the charges against the appellant; and was fully prepared to try the case. The trial judge elected to permit counsel to withdraw from the case and to leave the appellant without counsel. The court could have required counsel to assume his place at the trial table, even in the face of appellant's objections, and to offer the appellant whatever legal assistance was appropriate. Under these circumstances, had the appellant refused to accept the legal assistance offered or elected to remain silent (as he did in this case), then his actions might have amounted to a waiver of his Sixth Amendment right to counsel. The trial judge, by permitting counsel's withdrawal before the beginning of the trial, left the appellant without any legal representation whatsoever despite the appellant's insistence that he wished to be represented by counsel. Furthermore, the court's determination that it would interpose an objection to preserve the issues raised in the motions to suppress was not sufficient to protect the appellant's Sixth Amendment rights. We conclude that the court's action in permitting counsel to strike his appearance and in directing the trial to proceed without an effective waiver by the appellant of his right to counsel amounted to reversible error.

> *Judgment reversed.*
> *Remanded for new trial.*
> *Costs to be paid by Mayor and City*
> *Council of Baltimore City.*