# STEPHEN DONNELL CARTER *v.* STATE OF MARYLAND

[No. 537, September Term, 1982.]

\* \* \*

# CHARLES FRANKLIN TURNER A/K/A Huss Turner *v.* STATE OF MARYLAND

[No. 538, September Term, 1982.]

*Decided April 8, 1983.*

The cause was argued before GILBERT, C. J., and LISS and BISHOP, JJ.

*Louis P. Willemin, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant Carter. *Michael R. Malloy, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant Turner.

*Carmina Szunyog, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Peter C. Cobb, State's Attorney for Harford County, Arthur F. Carven* and *Joseph Casilly, Assistant State's Attorneys for Harford County,* on the brief, for appellee.

BISHOP, J., delivered the opinion of the Court.

The question presented in these two appeals is whether the unavailability of judicial resources on the scheduled date of trial constitutes good cause for postponement under Article 27, section 591 of the Maryland Code and the corresponding Maryland Rule 746.

The two appellants contend that the charges against them should have been dismissed because their trials were not held in accordance with the time limitation and the good cause requirement of Section 591 and Maryland Rule 746.

Section 591 (a) provides:

"Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court or the Criminal Court of Baltimore City in which the matter is pending, shall set a date for the trial of the

case, which date shall be not later than 180 days from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for good cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending."

Maryland Rule 746 directs that:

"Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723, a trial date shall be set which shall be not later than 180 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to rule 723.

and

"Upon motion of a party made in writing or in open court and for good cause shown, the county administrative judge or a judge designated by him may grant a change of trial date.

## No. 537

Stephen Donnell Carter appeals from a judgment of guilty of possession of heroin after conviction by a jury in the Circuit Court for Harford County. Appellant received a sentence of four years incarceration.

Appellant's first appearance in court was on December 2, 1980, when he was arraigned. To accord with the foregoing statute and rule, appellant's trial should have started no later than June 1, 1981. The chronology is as follows:

December 2, 1980 — Appellant first appears in court.

December 22, 1980 — Appearance of counsel.

February 25, 1981 — Judge Higinbothom grants a postponement to the State due to the absence of a State's witness, noting also that there was no judge available to try the case. The prosecutor was directed "to reset the case within the proper time." Trial was re-set for April 2, 1981.

April 2, 1981 — Postponement requested by the State granted by Judge Close because of the unavailability of a judge or a courtroom. Of the three judges in the county, one was trying a criminal case and the other two were involved in civil trials. Defense counsel objected to the postponement, stated he was ready for trial and urged that the trial of an incarcerated defendant should take precedence over civil trials. Trial was set for June 11, 10 days beyond the 180 day requirement.

At the time of the April 2nd postponement, in response to appellant's trial counsel's objection, Judge Close stated:

"Well, I have to postpone the case for cause and not charge it to either side, because of the absence of any court, Judge, jury, so forth."

The crucial postponement was the one granted on April 2, 1981. At that time the appellant had been confined in the Harford County Detention Center since November 21, 1980, a total of 133 days. At the time of trial on June 11, the appellant had spent 202 days incarcerated, waiting to be tried.

*No. 538*

Charles Franklin Turner, a/k/a Huss Turner, was convicted of possession of a controlled dangerous substance with intent to distribute and possession of paraphernalia. He received concurrent sentences of fifteen and four years, respectively. Appellant bases his claim for dismissal under Section 591 and Maryland Rule 746 on the following chronology:

October 14, 1980 — Appellant's first appearance in court; defense counsel enters his appearance. Motion for speedy trial filed.

January 8, 1981 — The docket entry for this date reads "Deft. not before the Court (Judge Cameron) for trial and the Court postponed the case for trial at the State's delay." The same judge during the hearing on the Motion to Dismiss stated:

". . . The first time it went out was in the midst of the Stebbing trial. . .". (The "Stebbing trial" was an extended, highly publicized murder trial).

March 23, 1981 — According to the State's Attorney, Judge Close, who was scheduled to try this case that day, had to be in Annapolis and no other judge was available. The docket entry indicated that the postponement was based on the unavailability of a judge or a jury and was not charged to either side. This was the 160th day.

April 12, 1981 — The 180th day.

May 21, 1981 — This docket entry stated: ". . . Court postponed case, not charged to either side, due to unavailability of Judge or Jury to

hear case." At the motion hearing the State's Attorney stated that on May 21st, "the State was ready to go and all the Judges were assigned to go to a sentencing conference and, again, no Judges were available." This was the 219th day.

August 3, 1981 — Hearing on Motion to Dismiss and trial. The 292nd day. Judge Cameron denied the motion "... because I feel there is good cause, and we can only try so many cases in a given time and some are going to be first, some are going to be last, some tried within 180 days and, evidently some tried outside of the 180 days because there's simply no way to get them all tried within that time."

There are two questions raised by the postponement of March 23, 1981:

1. Was there good cause not to try the case on that day? and if so,

2. Was it appropriate not to set the case in for trial on or before April 12, 1981, 180th day, and 20 days after March 23rd?

### The Law

Article 27, section 591, Annotated Code of Maryland (1982 Repl. Vol.) parallels Maryland Rule 746. The original version of the statute, passed in 1971 (Ch. 212), permitted postponement for extraordinary cause. In July 1980 the

statute and rule were amended to change the standard from "extraordinary" cause to "good" cause.[1]

Although no precise definition of "good cause" has yet been developed to guide the courts, we may ascertain the meaning of this broad normative term by inference from the purposes it was designed to achieve. *Goins v. State,* 48 Md. App. 115 (1981), *aff'd.* 293 Md. 97 (1982). The primary end of section 591 and Rule 746 is to promote the public interest in prompt trial of criminal cases.

In the leading case in Maryland on this issue, *State v. Hicks,* 285 Md. 310 (1979), the Court noted that:

> "Section 591 is plainly a declaration of legislative policy designed to obtain prompt disposition of criminal charges; its enactment manifested the legislature's recognition of the detrimental effects to our criminal justice system which result from excessive delay in scheduling criminal cases for trial and in postponing trials for inadequate reasons." *Id.* at 316.

*Accord Meyer v. State,* 49 Md. App. 300, 304 (1981). The purpose of section 591 and Rule 746 is not solely to implement the defendant's right to a speedy trial, which is already constitutionally protected, but to protect society from the harms of unnecessarily delayed criminal trials. In *State v. Lattisaw,* 48 Md. App. 20 (1981) Judge Wilner pointed out for this Court:

> "Although the dissent in *Hicks* viewed the requirements of Rule 746a primarily from the perspective of the defendant — as an extension of

---

1. The statutory amendment became effective July 1, 1980. Acts of 1980, Ch. 378, 1980 Maryland Laws 1283. The amendment to Rule 746 became effective July 3, 1980.

The time period originally prescribed by section 591 was six months. Acts of 1971, Ch. 212. Rule 746, effective July 1, 1977, shortened the period to 120 days, but was amended to extend the period to 180 days, effective November 16, 1979. The period in section 591 was amended from "six months" to "180 days" effective July 1, 1980. Acts of 1980, Ch. 378.

his Constitutional right to a speedy trial — the
majority looked upon it more from a societal point
of view, as a device to alleviate the problems caused
to the criminal justice system by delays in initially
scheduling cases for trial and by the inappropriate
postponing of scheduled trial dates. See the
discussion at pp. 316-318 of 285 Md. Both aspects
are, of course, important; the point we make is that
the Rule was not intended solely to confer new
rights upon defendants, but also to hold their feet to
the fire." *Id.* at 27.

This public purpose distinguishes our legislative prompt
trial requirement from other states' statutes or rules that
are designed singularly to implement defendants'
constitutional right to speedy trial. *E.g., Commonwealth v.
Hamilton,* 297 A. 2d 127 (Pa. 1972); *Commonwealth v.
Ardolino,* 450 A. 2d 674 (Pa. 1982); *State v. Johnson,* 217
N.W. 2d 609 (Iowa 1974); *Commonwealth v. Ludwig,* 345
N.E. 2d 386 (Mass. 1976).

Thus, the primary purpose of section 591 and Rule 746 is
to protect the societal interest in the prompt trial of criminal
cases; the benefits it confers upon defendants are incidental
to this public purpose. *See State v. Hicks, supra,* 285 Md.
at 320. 9 U. Balt. L. Rev. 473, 488 (1980).

Determination of whether there is good cause for a
continuance must take this purpose into account. As the
American Bar Association standard on continuances
recommends:

"The court should grant a continuance only upon
a showing of good cause and only for so long as is
necessary, taking into account not only the request
or consent of the prosecution or defense, but also the
public interest in prompt disposition of the case."

ABA Standards for Criminal Justice, Speedy Trial,
Standard 12-1.3 (2d ed. 1980). The ABA commentary
explains the importance of regulating the circumstances in
which continuances may be granted:

> "Regulation of a court's power to grant continuances is crucial, '[s]ince ... excessive granting of continuances can effectively undermine the provisions of a speedy trial statute.'"

*Id.,* quoting Poulos & Coleman, "Speedy Trial, Slow Implementation; the ABA Standards in Search of a Statehouse," 28 Hastings L.J. 357, 371 (1976).

Our experiences in this State have proven the accuracy of this statement. As long as postponements were freely granted prior to the *Hicks* decision, there were wholesale violations of the prescribed time limit. *State v. Hicks, supra,* 285 Md. at 317-18, 334 (on motion for reconsideration); *Guarnera v. State, supra,* 20 Md. App. at 573; *State v. Mines,* 48 Md. App. 30, 33 (1981).

These unwarranted postponements were significantly deleterious to the public interest:

> "Postponement of cases from dates scheduled for trial is one of the major factors contributing to delay in the administration of justice, civil as well as criminal. Courts and court supporting services spend substantial time 'spinning their wheels', in rescheduling cases. Available court time is lost. The time of attorneys and witnesses is lost. Witnesses themselves are lost. Those who are not are put to severe inconvenience as well as actual loss, and end up in despair at the frustration of being involved in the trial of a case in the courts. The very image of the judicial system is in serious jeopardy. Public confidence in the courts as instruments of the people is impaired."

*Guarnera v. State,* 20 Md. App. 562, 573 (1974), *quoted in State v. Hicks, supra,* at 316-17. To halt this detriment to the public interest, the Court of Appeals in *Hicks* interpreted Rule 746 to place mandatory controls over the scheduling and postponement of criminal trials. *State v. Hicks, supra,* 285 Md. at 318. The "good cause" prerequisite for postponement is designed to achieve this end.

■

"Good cause" is a normative term, permitting the courts to determine the justification, *vel non* for postponements of criminal trials on a case by case basis. 9 U. Balt. L. Rev. 473, 492 (1980); *See* Poulos & Coleman, *supra;* The ABA Standards in Search of a Statehouse," *supra.* Although the term may not be susceptible of precise definition, reference to the aforementioned purpose of section 591 and Rule 746 nonetheless permits some generalization, which may be useful as a heuristic device, explicating case-by-case decisions of whether to postpone trial. Generally speaking, cause for postponement under the statute and the rule may be found if the moving party, including the court, has exercised reasonable diligence in trying to avoid the need to postpone trial, and the need to postpone outweighs the detriment to the public interest from delay.

As a guide to future decisions, it may be useful to note how these criteria have been implicitly employed in prior case law, and the extent to which the change from "extraordinary" to "good" cause affects their use. For example, prior case law has established that a continuance to secure a missing witness is justified if there is a reasonable expectation of securing the evidence of the witness within a reasonable time, the proffered evidence was competent and material, the case could not be fairly tried without the proffered evidence, and the party seeking the postponement exercised reasonable diligence to secure the evidence prior to the assigned trial date. *Roberts v. State,* 53 Md. App. 257, 259 (1982); *Bolden v. State,* 44 Md. App. 643, 655 (1980); *Bethea v. State,* 26 Md. App. 398, 400 (1975).

The requirement that the moving party must have exercised reasonable diligence in attempting to avoid the need for postponement has been interpreted under the "extraordinary cause" standard to require that the need to postpone arise through no fault of the movant. *See State v. Hicks,* 285 Md. 310, 319 (1979) (unavailability of defendant due to fault of neither party would be extraordinary cause); *Guarnera v. State,* 20 Md. App. 562, 574 (1974); *State v.*

*Temoney,* 45 Md.App. 569 (1980). The "good cause" standard would still require reasonable diligence, albeit less diligence than required under the "extraordinary cause" standard. *See Calhoun v. State,* 52 Md. App. 515, 521-23 (1982) (severance of codefendant good cause); *Cf. Dennett v. State,* 19 Md. App. 376, 383-84 (1973) (lack of preparation for trial not good cause for postponement under Interstate Detainer Agreement; need for discovery good cause).

The consideration of the need for postponement, weighed against the detriment to the public interest from delay, was recognized in *Brown v. State,* 27 Md. App. 233, 238 (1975), where we stated, for example, that:

> "[T]he orderly and efficient administration of the court system, and the praiseworthy purpose of prompt and expeditious trials of criminal cases, cannot outweigh the constitutional right of the appellant to be represented by counsel."

*Accord Copeland and Covington v. State,* 27 Md. App. 397, 403 (1975). *See Brown v. State,* 50 Md. App. 651, 653-54 (1982) (Defendant's asserted need to visit sick relative not exraordinary cause). The change to "good" cause may affect the balance, but does not change the essential consideration that the need to postpone outweigh the detriment to the public interest. An unavoidable absence of a factor necessary for a fair trial — such as counsel, judge, jury or essential evidence — would constitute such a need. *See Calhoun v. State, supra; Cf. Anglin v. State,* 38 Md. App. 250 (1977) (absence of defendant good cause under Intrastate Detainers Act).

Upon appellate review after the fact, we will also consider the length of the delay for the purpose of rendering guidance to the trial court. *See State v. Glenn,* 53 Md. App. 717 (1983); *ABA Standards for Criminal Justice, Speedy Trial,* Standard 12-1.3 (2d ed. 1982). By dicta in *Chance v. State,* 45 Md. App. 521 (1980) where we compared the statutory time limitations for trial under Rule 746 with what is a reasonable period of

preparation constituting an orderly procedure in the constitutional speedy trial analysis, we stated:

> "And even if the cause for continuance *is* extraordinary, the full period until the new trial date must then be justified as well. More importantly, the administrative judge (as well as the prosecutor) is administratively responsible for seeing that a continuance, even when justified in purpose, is not extended unnecessarily."

*Id.* at 526.

The public has an interest comparable to the defendant in seeing that postponements are not unjustifiably extended. Section 591 and Rule 746, which are designed to protect the public interest, should consequently be interpreted to incorporate this requirement.

The party asserting that there is good cause for a continuance bears the burden of demonstrating to the administrative judge or his designee that these requirements are satisfied. *Hughes v. State,* 43 Md. App. 698, 705-06 (1979) *rev'd. on other grounds,* 288 Md. 216 (1980). *See Chance v. State, supra.* Judge Powers' statement quoted in *Hicks* is still applicable:

> "And all to whom this message has been sent must understand that it makes not the slightest difference whether a continuance requested is the fifth, the third, or the very first — the reasons for it must satisfy the administrative judge that they meet the test of extraordinary [good] cause. All persons concerned with the trial of a criminal case in the courts of Maryland must be held to know that, barring good cause of an extraordinary nature, the case will go to trial on the date scheduled. And all persons concerned must be entitled to rely upon that knowledge."

*State v. Hicks, supra,* 285 Md. at 317.

## Conclusion

There is nothing in the records of these appeals to indicate the condition of the Harford County Circuit Court trial assignment docket at the time that the postponements were granted, except for passing references to pending criminal or civil cases.

In No. 537, appellant Carter's case was postponed on April 2, 1981, to June 11, 1981, ten days beyond the 180th day because of the unavailability of a judge or courtroom. The only explanation given is that of the three judges in the county, one was trying a criminal case and the other two were involved in civil trials. This standing alone is not good cause. No explanation is given in the record why the case had to be postponed seventy days. There may have been such a reason which, if stated in the record, we could review. Absent such a statement, however, we are asked simply to assume that this case could not have been scheduled for trial on some date between April 2nd and June 1st, the 180th day — a period of sixty days. We decline to make such an assumption. The county administrative judge, when deciding that good cause for continuance has been shown, should make every effort to continue to a date within the 180 day period, or state for the record why he cannot do so.

In No. 538, appellant Turner had his trial postponed on March 23, 1981, the 160th day, to May 21st, the 219th day. The 180th day fell on April 12th, 20 days after March 23rd. The reason given for the March 23rd postponement is that Judge Close, who was scheduled to try the case, had to be in Annapolis and there was no judge or jury available. Assuming that constituted good cause for not trying the case that day, once again there is no evidence in the record of any attempt to comply with the 180 day requirement. Although the March 23rd postponement was the crucial one, some further insight can be garnered from noting that when the case was called for trial on May 21st, it was postponed again,

this time because all judges were attending a sentencing conference and no judge was available. This criminal case should have been given priority, *see ABA Standards, supra,* Standard 12-1.1. We do not understand why the case was set for trial on the date of the sentencing conference. These conferences must be planned at least some time in advance. The case was finally tried on the 292nd day — 112 days beyond the requirement. Again there is nothing in the record to indicate the condition of the docket, or what steps were taken to comply with the statute and the rule. The rule and the statute require that good cause *be shown.* From the record we conclude that good cause was not shown for the March 3rd postponement.

When we view the postponements in each of these cases from the perspective of the purpose sought to be attained by *section* 591 and Rule 746, *i.e.,* elimination of delay in the administration of justice, the more efficient use of court time and the time of lawyers and witnesses and the improvement of public confidence in the judicial system, we reach the conclusion that the records before us do not show good cause in these cases within the context of our general requirements.[2]

In these cases there is no evidence of reasonable diligence to avoid the need for postponements, nor, is there even justification for the lengths of the postponements in this record. Under extenuating circumstances a need for postponement may be satisfied by showing the reasons for the unavailability of judicial resources on the scheduled dates of trial; however, these extenuating circumstances were not shown to be present in these cases. Consequently, we reverse the judgment of guilty in each of these appeals, and direct that the charges against each of the appellants be dismissed with prejudice. Because we have disposed of these

---

2. Certainly, if an unexcused crowded trial docket is no justification for delay in a constitutional speedy trial analysis, *Epps v. State,* 276 Md. 96 (1975) it is at best a questionable basis for a finding of good cause for violating the statutory limitation augmented by the court rule.

cases on the basis of section 591 and Rule 746, we need not address the other issues raised by appellants.

*Judgments reversed.*
*Cases remanded to the Circuit Court*
*for     Harford     County     with*
*directions     to     dismiss     with*
*prejudice the indictments.*
*Costs to be paid by Harford County.*