474 A.2d 514

**STATE of Maryland**

v.

**James Michael BEARD, Stephen Donnell Carter and Charles Franklin Turner.**

**No. 31, Sept. Term, 1984.**

Court of Appeals of Maryland.

May 3, 1984.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the petition), for appellant.

Robert A. Diem, Bel Air, for appellee, Beard.

Louis P. Willemin, Asst. Public Defender, Baltimore, for appellee, Carter.

Michael R. Malloy, Asst. Public Defender, Baltimore, for appellee, Turner.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

I.

Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Maryland Rule 746, *inter alia*, require that a circuit court criminal case be tried within 180 days of arraignment or the first appearance of counsel, unless the time is extended in accordance with the statute and rule. Under the statute and rule any postponement of a trial date must be for good cause and must be effected by the administrative judge or his designee. If a criminal case is not tried within the 180-day deadline, and if there is no order by the administrative judge or his designee, based on a finding of good cause, postponing the case beyond that deadline, dismissal of the charges is ordinarily the appropriate sanction. *Farinholt v. State*, 299 Md. 32, 41, 472 A.2d 452 (1984); *Calhoun v. State*, 299 Md. 1, 6, 472 A.2d 436 (1984); *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984), and cases there discussed. Moreover, as pointed out in *State v. Frazier, supra*, 298 Md. at 428 [470 A.2d 1269]:

> "[W]hen there are several orders by the administrative judge postponing a criminal trial, and one of those orders has the effect of postponing the trial beyond the 180-day deadline, it is the latter order with which a judge hearing a motion to dismiss is concerned. The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days."

In the three criminal cases at bar, the Circuit Court for Harford County refused to dismiss the charges, holding that there was compliance with the requirements of § 591 and Rule 746. On appeals from final judgments of conviction, the Court of Special Appeals reversed in all three cases, holding that § 591 and Rule 746 were violated. The cases are now before us on the State's petition for a writ of certiorari.

 

## II.

The essential facts in the three cases are as follows.

### State v. Beard

The respondent James Michael Beard was charged in the District Court of Maryland with driving or attempting to drive a motor vehicle while intoxicated or impaired and refusing to sign a citation. He elected a jury trial, and the case was transferred to the Circuit Court for Harford County for trial. The appearance of Beard's attorney was entered in the circuit court on June 19, 1981. Therefore the 180-day period for trying Beard, prescribed by § 591 and Rule 746, expired on December 16, 1981.

Following some earlier postponements of assigned trial dates, both upon the defendant's motion and by the court *sua sponte,* the trial was rescheduled for December 15, 1981, which was the 179th day after the appearance of defense counsel. On December 15th the county administrative judge (Close, J.) *sua sponte* ordered a postponement. The order, as entered on the docket, stated that the postponement was required "due to the unavailability of [a] Judge or Jury to hear [the] case." A new trial date of February 24, 1982, was assigned.

On the morning of February 24th, prior to the commencement of trial that day, the defendant filed a written motion to dismiss for violation of § 591 and Rule 746, arguing that the postponement from December 15th to February 24th was unsupported by good cause. The trial judge denied the motion, holding that there had been good cause for the postponement. Trial was then held, and the defendant Beard was convicted of driving while impaired and refusing to sign a citation. He was fined $500.00 and sentenced to sixty days in jail, with thirty days suspended and the remaining thirty days to be served on work-release.

On appeal, the only issue raised by Beard was the contention that the charges should have been dismissed because of the claimed violation of § 591 and Rule 746. The Court of

Special Appeals, agreeing with Beard, reversed in an unreported opinion. The appellate court held that there was not good cause for the postponement on December 15th. The court stated that "the unavailability of judicial resources on the scheduled dates of trial" may constitute good cause for a postponement only "[u]nder certain extenuating circumstances," and that "these extenuating circumstances are not present in this case."

### State v. Carter

Stephen Donnell Carter was indicted by a Harford County grand jury for violating the controlled dangerous substance laws. On December 2, 1980, Carter was arraigned; therefore the 180-day period for trying the case expired on June 1, 1981. The initial trial date was scheduled for February 25, 1981, 85 days after arraignment. On that date a postponement was granted at the State's request because a prosecution witness was unavailable and because there was no judge available to try the case. The next scheduled trial date was April 2, 1981, the 121st day following Carter's arraignment.

On April 2nd Administrative Judge Close, over the objection of defense counsel, postponed the case "for cause ... because of the absence of any court, Judge, [and] jury." The transcript indicates that all three Harford County circuit court judges were involved in trying other cases on that date.

The case was rescheduled for trial on June 11, 1981, ten days beyond the 180-day period. When the case was called for trial on June 11th, Carter orally moved to dismiss the indictment for failure to comply with § 591 and Rule 746. The trial judge denied the motion, stating that the administrative judge's "finding that there was no Judge or Jury available [was] proper" and that good cause existed. A jury found Carter guilty of possession of heroin, and he was sentenced to a term of four years incarceration.

On appeal Carter raised several issues. The Court of Special Appeals reached only one of the issues, reversing on the ground that the trial court had erred in denying Carter's motion to dismiss under § 591 and Rule 746. The appellate court held that there was an absence of good cause for the postponement from April 2, 1981, to June 11, 1981. *See Carter v. State*, 54 Md.App. 220, 458 A.2d 480 (1983). As in the *Beard* case, the appellate court stated that "the unavailability of judicial resources on the scheduled dates of trial" may be good cause for a postponement only "[u]nder extenuating circumstances," 54 Md.App. at 233 [458 A.2d 480]. The court stated that the fact that all three county circuit court judges were involved in other trials on April 2, 1981, "standing alone is not good cause." *Id.* at 232 [458 A.2d 480].

### *State v. Turner*

Charles Franklin Turner was charged in the Circuit Court for Harford County with violating the controlled dangerous substance laws. On October 14, 1980, Turner was arraigned; consequently the 180-day period for trying the case expired on April 12, 1981.

Following an earlier postponement, trial was scheduled for March 23, 1981. On the morning of March 23rd, Administrative Judge Close postponed the trial because of "the unavailability of Judge or Jury to hear [the] case." The record indicates that Judge Close "was due in Annapolis that morning" and that there was "no other judge to proceed before."

The next scheduled trial date, May 21, 1981, was also postponed because all of the Harford County circuit court judges were attending a sentencing conference. Trial finally began on August 3, 1981. Following a denial of Turner's motion to dismiss based upon an asserted violation of § 591 and Rule 746, Turner was convicted by a jury of possession of a controlled dangerous substance with intent to distribute and possession of paraphernalia. He was sentenced to concurrent fifteen and four year terms of imprisonment.

Turner appealed, raising three distinct questions. The Court of Special Appeals decided Turner's appeal in the same opinion as Carter's, 54 Md.App. 220, 458 A.2d 480, and reversed on the ground that the charges should have been dismissed under § 591 and Rule 746. The appellate court explained (*id.* at 232 [458 A.2d 480]):

> "The reason given for the March 23rd postponement is that Judge Close, who was scheduled to try the case, had to be in Annapolis and there was no judge or jury available. Assuming that constituted good cause for not trying the case that day, once again there is no evidence in the record of any attempt to comply with the 180 day requirement."

In light of its ruling on the § 591 and Rule 746 issue, the Court of Special Appeals did not reach the other issues raised by Turner.

### III.

The State filed in this Court a single petition for a writ of certiorari encompassing all three cases. We have granted the petition and shall summarily reverse.

Recently in *State v. Frazier, supra*, 298 Md. at 454 [470 A.2d 1269], we held that when the administrative judge postpones a circuit court criminal trial beyond the 180-day deadline prescribed by § 591 and Rule 746, and when a trial judge ruling on a motion to dismiss, or an appellate court, is considering whether good cause for the postponement existed, the trial judge or appellate court "shall not find an absence of good cause unless the defendant meets the burden of demonstrating either a clear abuse of discretion or a lack of good cause as a matter of law." We further held that this standard of review applies both to the need for a postponement and to the extent of delay until the next assigned trial date. *Ibid.* This Court also held in *Frazier* that the unavailability of a judge or jury on the scheduled trial date does not, as a matter of law, constitute a lack of good cause for a postponement. *Id.* at 461–462 [470 A.2d 1269]. Instead we stated (*ibid.*):

"When the administrative judge or his designee postpones a case beyond the 180-day deadline because of court unavailability, there is a violation of § 591 and Rule 746 only if it is demonstrated that the change of trial date, or the period of time until a new trial date, represented a clear abuse of discretion."

█ The views expressed by the Court of Special Appeals in the present cases cannot be reconciled with our holdings in *Frazier*. Moreover, under *Frazier*, reversals are compelled in all three of these cases. The postponement in *Beard* from December 15, 1981, to February 24, 1982, the postponement in *Carter* from April 2, 1981, to June 11, 1981, and the postponement in *Turner* from March 23, 1981, to May 21, 1981, were all ordered by the administrative judge because of the unavailability of a court. The defendants utterly failed to meet their burden of demonstrating that these postponements represented clear abuses of discretion.

As previously pointed out, in the *Carter* and *Turner* cases there were other issues raised in the Court of Special Appeals which that court did not reach. Upon remand such questions will have to be resolved. As no other issues were raised in the Court of Special Appeals in *Beard*, there is no need for further proceedings in that case.

IN STATE v. BEARD, JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY.

RESPONDENT TO PAY COSTS.

IN STATE v. CARTER AND STATE v. TURNER, JUDGMENTS OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASES REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

RESPONDENTS TO PAY COSTS.

DAVIDSON, J., dissents.

**480**

DAVIDSON, Judge, dissenting:

I would affirm the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier*, 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).