Gerald Glenn **BOYDEN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21404.

United States Court of Appeals,
Ninth Circuit.

May 19, 1970.

Michael P. McCabe (argued), of Trembath & McCabe, Concord, Cal., for appellant.

Gregory Fischbechausa (argued), Wm. Matthew Byrne, Jr., U. S. Atty., Robt. L. Brosio, Asst. U. S. Atty., Edward J. Wallin, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and PENCE, District Judge.

PER CURIAM:

The judgment of conviction is affirmed.

■ We find no merit in Boyden's contention that because his appeal was long delayed he should now go free. The delay was unavoidable.

■ Boyden asserts he was illegally arrested at the outset. Assuming this to be true, it is not shown how this tainted any evidence at the trial.

■ He objects to searches at his brother's house when his brother was arrested. Williams v. United States, 9 Cir., 418 F.2d 159, makes it clear that the failure to suppress (in 1955) cannot be objected to now unless the search is post Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

■ Also, some evidence was obtained (and later used) from a search of a house rented by one Charlene Adkins, a minor. She consented to the search. We are of the view that even though as a minor she might have repudiated the lease, still as the renter she could grant

permission to another to enter, as the law stood in 1955.

There was some real evidence removed from Boyden's car by a deputy sheriff and a mechanic. The events and trial were pre-Elkins (Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L. Ed.2d 1669). So, if not properly seized, the defendant cannot take advantage of the point. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

We find that while defendant represented himself, the court did try to provide him with counsel and he refused. On the record here, he cannot complain of lack of counsel.