506 A.2d 660.

**Jeffrey FOWLKES aka Anthony Johnson**

**v.**

**STATE of Maryland.**

**No. 862, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

April 4, 1986.

Certiorari Granted June 27, 1986.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Robert Gilbert, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Argued before BLOOM, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

This case presents for review a trial judge's ruling, pursuant to Maryland Rule 4–215, that Jeffrey Fowlkes, a/k/a Anthony Johnson, appellant, who had discharged his counsel, represent himself at trial. We find no error; therefore, we will affirm.

Effective July 1, 1984, the Court of Appeals promulgated Maryland Rule 4–215, *Waiver of Counsel,* which included subsection (d), as follows:[1]

(d) *Discharge of counsel—Waiver.*—If a defendant requests permission to discharge an attorney whose appear-

---

1. The balance of the Rule provides:
   Rule 4–215. *Waiver of counsel*
   (a) *First Appearance in Court Without Counsel.*—After defendant's first appearance in court without counsel, the court shall:
   (1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.
   (2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.
   (3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory or minimum penalties, if any.
   (4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.
   (5) When in circuit court, advise the defendant that the action will be scheduled for trial and that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.
   　　　*　　*　　*　　*　　*　　*
   The clerk shall note compliance with this section in the file or on the docket.
   (b) *Express Waiver of Counsel.*—If a defendant who is not represented by counsel indicates a desire to waive counsel, the court may not accept the waiver until it determines, after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, that the defendant is knowingly and voluntarily waiving the right to counsel. If the file or docket does not reflect compliance with section (a) of this Rule, the court shall comply with that section as part of the waiver inquiry. The court shall ensure that compliance with this section is noted in the file or on the docket. At any subsequent appearance of the defendant before the court, the docket or file notation of compliance shall be prima facie proof of the defendant's express waiver of counsel. After

ance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

Prior to the promulgation of Rule 4–215 the Maryland Rules contained no equivalent provision to subsection (d); there was no Rule which specified the procedure attendant to, or the consequences of, a defendant's decision to discharge trial counsel at the eleventh hour for a non-meritorious reason. Subsection (d) therefore introduced a new proce-

---

there has been an express waiver, no postponement of a scheduled trial or hearing date will be granted to obtain counsel unless the court finds it is in the interest of justice to do so.

(c) *Waiver of Counsel by Failing to Obtain Counsel.*—If a defendant who has appeared before the court pursuant to section (a) appears without counsel on the date set for a hearing or trial and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel.

If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's appearance without counsel, it may determine that the defendant has waived counsel by failing or refusing to obtain counsel, and it may proceed with the hearing or trial.

dure, but not necessarily a new approach, *see* former Md. Rule 723,[2] into the Maryland Rules concerning waiver of counsel.

The Court of Appeals and this Court have previously considered the question raised by this appeal—whether a

---

**2.** Md.Rule 723 provided, in pertinent part:
    b. *Appearance Without Counsel.*
    When a defendant appears pursuant to section a of this Rule and is not represented by counsel, the court shall:
      1. Make certain that the defendant has received or receives a copy of the charging document;
      2. Advise the defendant that he has a right to be represented by counsel at every stage of the proceedings;
      3. Advise the defendant of the matters required by subsections 1, 2 and 3 of section c of this Rule;
      4. Advise the defendant who desires counsel that he must retain the services of counsel and have counsel enter an appearance for him within 15 days;
      5. Advise the defendant that if he finds he is financially unable to retain the service of private counsel, he should apply to the Public Defender as soon as possible for a determination of his eligibility to have counsel provided for him by the Public Defender;
      6. Advise the defendant that if the Public Defender declines to provide representation, the defendant should immediately notify the clerk of the court so that the court can determine whether it should appoint counsel pursuant to Article 27A, section 6(f), of the Maryland Code;
      7. Advise the defendant that if counsel does not enter an appearance within 15 days, a plea of not guilty will be entered pursuant to section b 3 of Rule 731 (Pleas), and the defendant's case will be scheduled for trial. The court shall also advise the defendant that if he appears for trial without counsel, the court could determine that he has waived his right to counsel by neglecting or refusing to retain counsel or to make timely application to the Public Defender for counsel, and in that event, the case would proceed with defendant unrepresented by counsel.
         *    *    *    *    *    *
    d. Procedure After Waiver Inquiry
         *    *    *    *    *    *
      2. If the defendant appears in court without counsel, at any proceeding after his appearance pursuant to section a of this Rule, the court may not proceed without determining whether the defendant at that time desires to waive counsel, or has waived counsel, either affirmatively or by neglecting or refusing to obtain counsel.
There was no comparable provision in former Md.Rule 719, although subsection b.1. required the court to advise the accused, when he appears without counsel "at any stage of the proceedings", of his right to counsel.

defendant who is dissatisfied with his counsel, requests his discharge and is required to proceed to trial without counsel waives or is denied his constitutional right to counsel. *See Howell v. State,* 293 Md. 232, 443 A.2d 103 (1982); *State v. Renshaw,* 276 Md. 259, 347 A.2d 219 (1975); *Brown v. State,* 50 Md.App. 651, 441 A.2d 354 (1982); *Myer v. State,* 49 Md.App. 300, 431 A.2d 738 (1981); *Wright v. State,* 32 Md.App. 60, 359 A.2d 1 (1976). Their conclusions have been largely consistent and generally against finding waiver. *But see Mitchell v. State,* 56 Md.App. 162, 467 A.2d 522 (1983).

In *State v. Renshaw, supra,* the defendant, expressed dissatisfaction with the representation he was receiving from the assistant public defender and asked the court to appoint new counsel. After inquiring into the reasons for the requested change, the trial court denied the request, refused to force counsel to represent the defendant and declined to continue the case; however, the court did require counsel to stand by for consultation if the defendant desired. When the defendant elected not to participate in the trial, the trial judge advised standby counsel, "Mr. Renshaw has elected to proceed without your help. But, if I were you, I would not do anything unless Mr. Renshaw asked you to do it....," *Id.* 276 Md. at 263, 347 A.2d 219, advice that counsel followed. The Court of Appeals, disapproving the treatment of the defendant's "expression of dissatisfaction with assigned counsel, his request for a change of counsel and his silence as a waiver of the right to counsel and an election to proceed in proper person", *Id.* at 264, 431 A.2d 738, held that the defendant "had not waived and was instead denied his constitutional right to counsel". *Id.* The Waiver of Counsel Rule then applicable was Md. Rule 719.[3]

---

3. Maryland Rule 719 provided, in pertinent part:
   c. *Waiver Inquiry*
   If, at any stage of the proceeding, an accused indicates a desire or inclination to waive representation, the court shall not permit such

In *Howell v. State, supra,* the defendant's privately retained counsel was permitted to strike his appearance prior to trial. Insisting that he wished to be represented by counsel and refusing to waive his right to be tried within 180 days, pursuant to then Maryland Rule 746 a. (present Rule 4–271(a)), the defendant was referred to the office of the Public Defender. The Public Defender's office found the defendant eligible for its services, but, being unprepared, due to the seriousness of the charges, e.g. conspiracy to commit murder and second degree murder, to proceed to trial within two weeks, it refused to represent him unless he agreed to a postponement of the trial. The defendant refused and, instead, continued to insist upon representation *and* trial within 180 days. The trial judge treated the defendant's conduct as a waiver of his right to counsel and required that he represent himself at trial. The defendant, although unrepresented, repeatedly asserted, during the trial, that he wanted counsel and denied waiving that right. This court's decision affirming the judgment of the trial court was reversed on the authority of *State v. Renshaw, supra.* Without referring to the waiver of counsel rule, the Court of Appeals found that there was neither an express waiver of the right to counsel, nor circumstances warranting a finding that the defendant's conduct constituted waiver of the right.

---

a waiver unless it determines, after appropriate questioning in open court, that the accused fully comprehends: (i) the nature of the charges and any lesser-included offenses, the range of allowable punishments, and that counsel may be of assistance to him in determining whether there may be defenses to the charges or circumstances in mitigation thereof; (ii) that the right to counsel includes the right to the prompt assignment of an attorney, without charge to the accused, if he is financially unable to obtain private counsel; (iii) that even if the accused intends to plead guilty, counsel may be of substantial value in developing and presenting material which could affect the sentence; and (iv) that among the accused's rights at trial are the right to call witnesses in his behalf, the right to confront and cross-examine witnesses, the right to obtain witnesses by compulsory process, and the right to require proof of the charges beyond a reasonable doubt.

In *Myer v. State, supra,* the defendant sought a continuance of his trial, advising the court that he wished to fire present counsel and obtain new counsel. Although his request was denied by the administrative judge, he persisted in his refusal to be represented by his counsel of record and, at the same time, insisted that he could not defend himself. The public defender summoned by the trial judge, because of his unfamiliarity with, and the seriousness of, the case, refused to represent the defendant unless the case were continued. The trial proceeded with appellant being required to represent himself, the trial judge having previously signed an order striking the appearance of counsel of record. This court considered the dispositive issue to be "whether the record discloses that the appellant waived his right to counsel either affirmatively or by neglecting or refusing to obtain counsel." *Id.,* 49 Md.App. at 306, 431 A.2d 738; Md. Rule 723 c. Then, relying on *Renshaw v. State,* we reversed, finding that "the trial judge explained the requirements of the latter portion of the standard [Rule 723 c and d] to the appellant *ad nauseam* but at no point in the record did the appellant waive his right to counsel. As a matter of fact, the appellant consistently contended that he was not competent to represent himself and that he did desire a lawyer and a thirty day continuance to secure another lawyer to replace his lawyer of record." *Id.* at 307, 431 A.2d 738. We also noted:

> In the case at bar the trial court had before it competent counsel who had represented appellant over a period of six months; filed and argued motions to suppress evidence on at least two occasions; was thoroughly familiar with the facts and law of the charges against the appellant; and was fully prepared to try the case. The trial judge elected to permit counsel to withdraw from the case and to leave the appellant without counsel. The court could have required counsel to assume his place at trial table, even in the face of appellant's objections, and to offer appellant whatever legal assistance was appropriate. Under these circumstances, had the appellant re-

fused to accept the legal assistance offered or elected to remain silent (as he did in this case), then his actions might have amounted to a waiver of the Sixth Amendment right to counsel. The trial judge, by permitting counsel's withdrawal before the beginning of the trial, left the appellant without any legal representation whatsoever despite the appellant's insistence that he wished to be represented by counsel.

*Id.*, at 309, 431 A.2d 738.

In *Wright v. State, supra,* the question presented was whether the trial court complied with Maryland Rule 719 c. prior to requiring the defendant to proceed without counsel. A defendant, who had been represented by the Public Defender's office for three days of pretrial motions and two days of trial, requested a change of counsel at the conclusion of the State's case and after his motion for judgment of acquittal had been denied. After inquiry, the trial judge found no sufficient cause for substitution of counsel and denied the request. The defendant was given the option of proceeding with assigned counsel or representing himself; however, "if [the defendant] elected to represent himself, assigned counsel would sit at the trial table to assist in his defense, if requested". Perceiving the issue to be whether appellant had waived his constitutional right to assistance of counsel, we held that defendant had not voluntarily relinquished his right to counsel. We therefore reversed, pointing out that:

> The fair administration of justice and the appellant's constitutional right to counsel are not incompatible goals; both could have been accomplished in the present case if the trial court, after denying appellant different counsel, had (1) "ordered counsel to continue to render the fullest possible legal representation under the circumstances, with or without the cooperation of the defendant ... or (2) conducted an inquiry to determine whether the appellant, after indicating he would represent himself, fully

comprehended the factors set forth in Maryland Rule 719
c ... (Citations omitted)

*Id.* [32 Md.App.] at 64, 359 A.2d 1.

Because these cases were decided prior to the adoption of
subsection (d), and when there was no comparable Rule,
they are easily distinguished from the case *sub judice.* In
fact, it is this distinction that presents the difficulty in this
case.

Different results, for different reasons, were reached in
*Brown v. State, supra* and *Mitchell v. State, supra.*

In *Brown,* the defendants, who appeared without counsel,
sought and obtained a continuance to get counsel. At that
time, they were told that if they did not obtain counsel or
the public defender by the time they returned for trial, they
could be required to proceed without counsel. When the
defendants once again appeared without counsel, their re-
quest for postponement to get counsel was denied and they
were required to proceed to trial without counsel. This
court, applying former Md.Rule 723, affirmed their convic-
tions, finding *Renshaw, supra,* and *Snead v. State,* 286 Md.
122, 406 A.2d 98 (1979) [4] inapposite.

In *Mitchell,* defense counsel informed the trial judge
prior to the start of trial that he had been discharged. The
defendant, by way of explanation, told the judge that he
was not satisfied that counsel, who was the partner of the
lawyer whom the defendant had hired and consulted, was
"sufficiently familiar" with the case, and he was particular-
ly concerned that counsel had not complied with his request
to be furnished with a transcript of the preliminary hearing.

---

4. In *Snead,* the defendant sought to discharge his trial counsel and
have the case continued so that he could get new counsel. When he
was not granted a continuance, he informed the judge, "I don't want
no attorney then." Nevertheless, the judge "appointed", over the
defendant's objection, the defendant's trial attorney to represent him,
and the trial proceeded. The Court of Appeals reversed because the
trial judge failed "to pursue the inquiry [pursuant to Md.Rule 723 c.]
essential to the determination of the entitlement of the right to
proceed without counsel ..." 286 Md. at 131, 406 A.2d 98.

The trial judge denied the defendant's postponement request and ordered that the defendant's initial counsel and counsel in court be present to represent the defendant. Following the impaneling of the jury and the State's opening statement, the defendant advised the court that he wanted neither lawyer to represent him. The court advised the defendant:

> You have two choices. Either you fire both these lawyers, that is your right, but then you are representing yourself. You are not going to postpone this case for the appointment of any further counsel. Mr. Steinhorn advises me that he is fully prepared to try this case.

*Id.,* 56 Md.App. at 166, 467 A.2d 522. And after the court had conducted a full and complete waiver hearing pursuant to Md.Rule 723 c, the defendant albeit reluctantly, stated, both out of and in the jury's presence, that he elected to represent himself.

On appeal, the defendant contended that the trial court erroneously inferred from his request for new counsel that he desired to proceed without counsel. After reviewing the cases, we disagreed and found that appellant waived his right to counsel. We first pointed out that "we cannot allow the judicial system to be brought to a grinding halt by a perversion of [a defendant's Sixth Amendment] rights through eleventh hour attempts to abort criminal trials," *Id.,* 56 Md.App. at 177, 467 A.2d 522, and then we rejected the argument that the defendant's election was coerced:

> The court required the trial to go forward; the election of either self-representation or continuing with experienced counsel was left to appellant. All of the hazards were explained to him. It matters not that his choice was reluctantly made. At appellant's express request the jury was advised that counsel were not representing him. The court, however, explaining that counsel was learned in the law and, in all probability, would be helpful in answering questions that may arise, required one attorney to remain to assist appellant. In sum, appellant was

allowed to represent himself with the assistance of counsel. Nothing more is required.

*Id.,* 56 Md.App. at 177–78, 467 A.2d 522.

We now set out the facts to properly frame the issue. Appellant was charged with possession of paraphernalia. His trial was set for March 13, 1985 in the Circuit Court for Baltimore City. Prior to that date, he appeared without counsel before a judge of that court and was advised by the judge of his right to counsel and the potential consequences of failure to obtain counsel. Appellant acknowledged receipt of a form setting forth the rights of which he had been advised.

Appellant appeared at trial represented by an assistant public defender. He refused the State's offer of a plea agreement,[5] entered a plea of not guilty and elected to be tried by a jury. During argument on appellant's motion *in limine,* appellant questioned his attorney's familiarity with his case, advised the court that he no longer wished her to represent him, asked that she be replaced by new counsel, and requested a continuance for the purpose of retaining new counsel. After inquiry and, having asked that another assistant public defender be sent over to interview appellant, the court made clear that the case should not be postponed "simply because you don't want Miss Shepard to represent you. You can represent yourself." Appellant, for his part, was equally emphatic that he did not desire to represent himself: "I am not representing myself neither. I want somebody who knows legal law, what's going on with the case, which she is not doing."

With appellant's permission, counsel completed argument on the motion *in limine,* which was denied, and withdrew a previously filed motion to suppress. Appellant was then allowed to consult with another public defender, who subse-

---

**5.** The State offered to recommend a sentence of thirty days concurrent with the eighteen months sentence he was then serving in return for a guilty plea to possession of paraphernalia or a court trial on that charge. His counsel encouraged him to accept the State's offer.

quently advised the court that he was prepared to try the case, but only with counsel of record as lead counsel. Appellant rejected that arrangement, and, instead, asserting that he had sufficient funds to retain private counsel, sought a postponement. After counsel had been heard respecting her efforts on behalf of appellant, specifically, that two of appellant's three witnesses were in court and the third could not be located, the following occurred:

THE COURT: What I was trying to do was come up with a solution for your present problem, and since you don't want Ms. Shepherd to represent you now, you have a right to discharge your attorney. And I am looking at the Maryland Rules right now at Rule 4–215 d, which gives you the right to discharge your attorney.

MR. FOWLKES: Right.

THE COURT: I have the right though to determine whether your reason for discharging your attorney is meritorious. And we did offer you the possibility— the public defender's office offered you a possibility of having Mr. Janor join Ms. Shepherd, and you are now telling me you are turning down that offer. Is that right?

MR. FOWLKES: Yes. I have been incarcerated, right? I have been incarcerated, therefore, now I am getting a little brief more on the case as I just come back from across the street, and it seems that the evidence they got, or where they're supposed to be representing me to help me, it don't show somewhere in fact that I could be represented by them on behalf of honesty. The way it go in the case, it don't seem right. I rather go ahead get a private attorney. Go through the record. I feel they haven't had enough time to work on my case. They probably look like the case, seen like similar circumstances, evidence, nature of crime don't add up to the folders up out front.

THE COURT: Well, Mr. Fowlkes you were indicted on July 2, 1984, in criminal information or—

Mr. Janor: A warrant case.

THE COURT: And you appeared for arraignment on August 29, 1984.[6]

MR. FOWLKES: Uh-huh.

THE COURT: It appears to me that you have had plenty of time to obtain counsel of your choice, and that Ms. Shepherd has had plenty of time to prepare this case, and is ready to try the case, and is prepared to try the case, and that your summonses, your witnesses have been summonsed. That one witness was not summonsed because the address was a bad address, and I can find no meritorious reason for you wanting to discharge your counsel, but I can't force you to have counsel that you don't want to have. So the only choice you have, as I see it, and I would like either counsel in the case to correct me, or any counsel correct me if I am wrong, is that you are deciding to defend yourself, because I am going to try this case today?

MR. FOWLKES: No possible way I can defend myself. I am saying I can't represent myself in some behalf, but I am saying the whole possible nature of the crime is not going to add up to the point me trying to go out there with these twelve jurors, and these two police officers and these witnesses here. That's why I am incarcerated now going back on appeal, because of the same similar case I am trying to fight for now, and I am not going to go through it a second time. It's unreasonable.

THE COURT: Well I have made the decision that your reasons are not meritorious, and that you are going to—we are going to proceed with this trial today as

---

6. Although the docket entries show August 29 as the arraignment date, the notification of right to counsel filed by Judge Baylor reflects that it was executed on August 28, 1984.

scheduled. There was a prior postponement on 12/6/84.[7]

\*    \*    \*    \*    \*    \*

MR. GILBERT: Yes your Honor. The defendant has had plenty of time to retain private counsel. He has had over six months since the time of his arrest.

MR. FOWLKES: In DOC I haven't seen talked about it.

MR. GILBERT: The defendant was not in the Department of Correction until recently, last—

MR. FOWLKES: January 9.

MR. GILBERT: On December 6 when Mr. Fowlkes was in Part 22, in front of Judge Ward, in fact, I saw him outside when I was having lunch, and he attempted to talk to me at that time. He has been as free as a bird, your Honor, until January, and that's plenty of time. When he was arrested, when he was charged in the District Court on the back of his statement of charges, which he signed, there is a notation there that he has the right to a public defender or private counsel.

THE COURT: Alright, well, I have made my decision, Mr. Fowlkes, and you will have to do what you want to do based on that, but I am ruling that your request is not meritorious. I am going to permit you to discharge counsel because I cannot force you to take them or them to take you, but I do think it is necessary to make sure for the record that you understand what you are doing. Mr. Gilbert, could you qualify him?

\*    \*    \*    \*    \*    \*

MR. GILBERT: Mr. Fowlkes, as you know I am Robert Gilbert. I am an assistant State's Attorney. You

---

7. There followed a discussion between the State and appellant as to who was responsible for the prior postponement. Appellant maintained that he had a right to a postponement since that prior postponement was that of the State. The State denied that it was "specifically" its postponement.

know you have been assigned two public defenders to represent you?

MR. FOWLKES: I don't need two. That's what I am trying to tell you.

MR. GILBERT: Are you under the influence of any drugs or alcohol?

MR. FOWLKES: No, I am not.

MR. GILBERT: Are you under the care of any psychiatrists?

MR. FOWLKES: No, I am not.

MR. GILBERT: Have you ever received any psychiatric treatment?

MR. FOWLKES: No, I have not.

MR. GILBERT: Okay do you understand your right to have an attorney?

MR. FOWLKES: Yes, I do.

MR. GILBERT: Okay. Do you understand that we cannot postpone this case forever so you may get—

MR. FOWLKES: That's what I am saying.

MR. GILBERT: Do you understand that Judge Friedman, O'Ferrall Friedman has instructed you that this case will not be postponed again because of the number of prior postponements. Do you not?

MR. FOWLKES: How many prior ones for the State?

MR. GILBERT: Well, do you understand what the court's point of view is, don't you?

MR. FOWLKES: Yes, I do.

MR. GILBERT: Okay. You understand we are past the point of arguing whether that is appropriate or not?

MR. FOWLKES: Right. Now I am saying okay.

MR. GILBERT: Do you wish to have Miss Shepherd and Mr. Janor represent you, or do you wish to have them sit with you and advise you at trial?

MR. FOWLKES: No, I don't.

MR. GILBERT: You don't wish that?

MR. FOWLKES: If she said I am going ahead and be tried, or what the decision going to be with them

twelve jurors out there, and I asking for a private attorney, and if it's possible I cannot have none, I am saying on the transcript will tell itself. I go with the trial to a point. I am getting violated all my rights. I am to the point that I feel as though my rights have been violated. So if it's not possible I can't postpone the case I will go with the trial under the circumstances. I am going to appeal it anyway.

MS. SHEPHERD: Well who do you want to represent you, Mr. Fowlkes? Yourself or Mr. Janor and myself?

MR. FOWLKES: I'd rather have a private attorney.

MS. SHEPHERD: That choice you don't have. Your only choice is Mr. Janor and myself and let me explain it to you, you know a lawyer can be of some assistance. That they can tell you how to pick the jury. They can make legal argument for you. They know the proper way to ask questions. You may want to get some information in, but you may not be able to word the questions correctly, a lawyer may offer you assistance you may not be able to do on your own. Do you understand that?

MR. FOWLKES: As far as me? I'm not going to strike no jury or State's attorney can strike a jury or the public defender, whatever. I am saying as far as me, I am not participating in the case. Therefore you can hand out the sentence, whatever. I'm rejecting an appeal. That's what I am saying. Give me an appeal bond. That's all I can say.

THE COURT: Alright. Fine then. I have made the decision. I think you understand the choices that you had, and what you have done. So although you are discharging your counsel, I am permitting you to do that. I find your decision to do so is not meritorious. That you had ample time to obtain an attorney. This case has dragged on long enough.

* * * * * *

THE COURT: I would like you for the record to state you're asking this court to discharge both Miss Shepherd and Mr. Janor.

MR. FOWLKES: Yes. Just bring the witness and I will appeal it.

    \*      \*      \*      \*      \*      \*

MR. FOWLKES: I ain't trying get tried.

MISS SHEPHERD: Are we excused or would you like us to sit for assistance if needed?

THE COURT: Well, sit for assistance if needed.

MISS SHEPHERD: That's okay.

MR. JANOR: That's okay.

THE COURT: Okay. Yes, you will accept it or not?

MR. FOWLKES: No.

THE COURT: You are excused.

By its express terms, subsection (d) empowers a trial judge to proceed with a scheduled trial, even though the defendant is unrepresented by counsel, when that defendant has requested discharge of his counsel, the court has found that request to be non-meritorious and has so advised the defendant, the court has informed the defendant, prior to counsel's discharge, that the consequence of discharging counsel will be that the defendant will be unrepresented by counsel at the scheduled trial, and there has been compliance with subsection (a) of the Rule. In so providing, the Rule evidences a purpose and effect very similar, if not identical to the purpose and effect of subsection (c), and its predecessor, former Md.Rule 723 b. and d. Therefore, the interpretation to be given subsection (d) should be similar to that accorded to former Md.Rule 723 b. and d.

■ Both the Court of Appeals and this Court have interpreted former Md.Rule 723 b. and d. In *Leonard v. State*, 302 Md. 111, 486 A.2d 163 (1985), for example, the Court observed:

... A defendant may waive his right to counsel, either affirmatively or by neglecting or refusing to obtain coun-

sel ... [s]imilarly, a defendant who engages in a pattern of deliberate obstructionist misconduct may forfeit his right to self-representation.

*Id.* at 126–27, 486 A.2d 163. This Court in *Brown v. State,* *supra,* 50 Md.App. at 666, 441 A.2d 354, first determined that the trial judge had fully complied with former Md.Rule 723 a, b, and c, and then held that the defendants' conduct in "neglecting or refusing to obtain counsel," constituted a waiver of their right to counsel under subsection d.2. and that the trial had properly proceeded with the defendants not represented. We said:

> under § d(2) the trial court must ascertain that there has been a waiver.... If the waiver was by conduct—i.e., "neglecting or refusing to obtain counsel"—d(2) only requires that the trial court find that the conduct amounted to a waiver.

*Id.* at 666–67, 441 A.2d 354. *See also Thompson v. State,* 284 Md. 113, 126, 394 A.2d 1190 (1978). The obvious purpose of former Md.Rule 723 d, which is also true of present subsection (c), as reflected by its terms and the interpretation placed on it, is to avoid delay of the administration of justice when a defendant has been timely and fully informed of the consequences of his action or inaction.

We perceive no basis for treating the situation contemplated by present subsection (d) any differently than that contemplated by present subsection (c) and former Md.Rule 723 d. In either case, the defendant must be informed of the consequences of his action or inaction and compliance shown by the record before a waiver of counsel is properly found. That subsection (c) contemplates that waiver will be determined from action or inaction over a longer period of time than is contemplated by subsection (d), does not, in our view, meaningfully distinguish the two situations. Thus, we hold that so long as the record demonstrates strict compliance with Md.Rule 4–215(d), trial may proceed even though the defendant is unrepresented by counsel.

Appellant does not focus on compliance or non-compliance with the Rule; rather, he stresses his insistence that he did not wish to waive counsel as support for his contention that the trial judge erred. Therefore, he argues, consistent with *State v. Renshaw, supra,* that "[n]o waiver having been made here, the trial court should have ordered counsel to render the fullest possible legal representation under the circumstances, with or without the cooperation of the defendant ..." *Id.* [276 Md.] at 270, 347 A.2d 219.

We think appellant either misunderstands or misconceives the significance of his denial that he sought self-representation. First, this is not an express waiver situation. The issue is not whether appellant expressly indicated a desire to waive counsel; it is whether appellant's conduct, once he had been advised of the consequences, amounted to a waiver. Furthermore, to accept appellant's argument would render Rule 4–215(d) either a nullity or an absurdity: notwithstanding a non-meritorious discharge of counsel, a person could avoid indefinitely the consequences of the Rule simply by, while expressly stating that he or she does not wish to waive counsel, discharging his or her counsel each time he or she appears in court. *See Brown v. State, supra.* 50 Md.App. at 7, 441 A.2d 354. We do not believe that the Court of Appeals intended that result when it promulgated Rule 4–215(d). No matter what one may think of the propriety of the Rule and its effect, when viewed in light of the prior Rules and the prior cases, we can only conclude that the Court intended this Rule to effect a result different than that reached under prior Rules.

Treating a last minute non-meritorious discharge of counsel as a waiver of counsel is consistent with the decision of other courts which have faced the issue. *See State v. Harper,* 381 So.2d 468 (La.S.Ct.1980); *Boyden v. United States,* 427 F.2d 895 (9th Cir.1970), *cert. denied* 400 U.S. 848, 91 S.Ct. 91, 27 L.Ed.2d 86 (1970); *Wilks v. Israel,* 627 F.2d 32 (7th Cir.1980); *United States v. Davis,* 604 F.2d 474 (7th Cir.1979); *Maynard v. Meachum,* 545 F.2d 273 (1st Cir.1976); *Kates v. Nelson,* 435 F.2d 1085 (9th Cir.1970);

**122**

*Fillippini v. Ristaino*, 585 F.2d 1163 (1st Cir.1978); *United States ex rel. Testamark v. Vincent*, 496 F.2d 641 (2nd Cir.1974).

In the instant case, appellant was fully advised, prior to the discharge of his counsel, that his trial would not be continued, that the court found no meritorious reason for the discharge of his counsel, and that should he discharge his counsel, he would have to proceed to trial unrepresented. Notwithstanding that advice, appellant, whom the records showed had previously been advised pursuant to Rule 4–215(a)(1) to (4) by Judge Baylor, chose, albeit insisting upon his right to have different counsel, to discharge counsel. In addition, the record reflects that the trial judge did not, under the circumstances, abuse her discretion either when she permitted appellant to discharge his counsel or when she required him to proceed unrepresented. In addition, we have reviewed the record and are satisfied that the trial judge properly found that the reason for counsel's discharge was not meritorious. There was no error.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.