541 A.2d 1017

Joseph Edward ARGABRIGHT

v.

STATE of Maryland.

No. 1396, Sept. Term, 1987.

Court of Special Appeals of Maryland.

June 7, 1988.

444

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Beverly Peyton Griffith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, William R. Hymes, State's Atty. for Howard County, and Linda Sorg Ostovitz, Asst. State's Atty. for Howard County, on the brief, Ellicott City), for appellee.

Argued before GARRITY and ROBERT M. BELL, JJ., and JAMES S. GETTY, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ROBERT M. BELL, Judge.

Joseph Edward Argabright, appellant, was convicted of theft, pursuant to a guilty plea entered on September 5, 1985, and sentenced to one year imprisonment, which was suspended in favor of three years' probation.[1] He was subsequently found to have violated several conditions of that probation. His appeal from the latter judgment questions the propriety of his having been tried unrepresented by counsel. He asks:

1. Was appellant tried in violation of his constitutional right to counsel and in violation of Md.Rule 4–215?

2. Did the trial court err in refusing to determine appellant's eligibility for court appointed counsel and ultimately in refusing to appoint counsel?

3. Did the trial court err in refusing to allow appellant's witnesses to testify regarding their observation of appellant relevant to his criminal responsibility and in failing to make a determination that appellant was or was not criminally responsible?

When appellant appeared for trial on the violation of probation charge, he was represented by an assistant Public Defender. Prior to that appearance, counsel had filed, on appellant's behalf, a written plea of not criminally respon-

---

1. Apparently appellant did not seek leave to appeal his guilty plea.

sible as well as a petition for a mental examination. Pursuant to the latter, appellant had been examined and found to be criminally responsible and competent to stand trial.

On the day of trial, citing a conflict over the summonsing of a witness, appellant requested permission to discharge his attorney. After the attorney informed the court that "if [counsel is] discharged so will the Public Defender's Office ... that will make Mr. Argabright, of course, fly on his own," the following colloquy occurred:

THE COURT: Well, I still don't know what you mean by go on your own. Are you ... in relation to Mr. Miller. What do you mean by that?

MR. ARGABRIGHT: To discharge Mr. Miller and to pursue the proceedings myself and to ask for a continuation today so that I may have the witness called that I wished and the records subpoenaed that I asked for.

THE COURT: You want to discharge Mr. Miller?

MR. ARGABRIGHT: Yes sir.

THE COURT: And as I understand it Miss Robertson [of the Howard County Public Defender's Office] from what I've been informed, is not going to assign you another Public Defender, is that correct?

MR. ARGABRIGHT: From ...

THE COURT: That's entirely up to her. It's not my decision, that's her decision.

MR. ARGABRIGHT: Yes sir, I understand that. I got a letter back from you also about that just recently. You've sent me a letter stating that ... I had asked you if you could intervene in the situation because of the situation between me and Mr. Miller and you had sent a letter back stating that Mr. Miller was the Public Defender's Office and that you had nothing to do with appointing or ...

THE COURT: That's correct.

MR. ARGABRIGHT: ... discharging an attorney. So ...

THE COURT: *You want to represent yourself, is that correct?*

MR. ARGABRIGHT: *I don't want to represent myself, but if I can't have another attorney appointed I guess that's what I'll have to do.*

THE COURT: Well, I don't have any control over that. You either have to take the attorney assigned by the Public Defender or not. If you're not satisfied with Mr. Miller you can ask Miss Robertson to assign you another one, but that's entirely up to her.

MR. ARGABRIGHT: I'd make that request then, I guess, on record and I'll also follow up with a letter if this is continued.

THE COURT: You might make the request, but you're making your request to the wrong individual.

MR. ARGABRIGHT: Yes sir, I understand that.

THE COURT: I have no control over it.

MR. ARGABRIGHT: I'm saying that I'm just stating that I would request ... that I'm stating here that I'll follow it up with a letter to Miss Robertson if I can get the address and the name that I need to send it to if a continuance is granted.

THE COURT: Pass that by me again. I was reading something else, sir.

MR. ARGABRIGHT: I will take and send a letter to Miss Robertson asking that another Public Defender be appointed if this is continued. If not then I will have to proceed on my own I guess, but I would hope that the Court ...

\* \* \* \* \* \*

THE COURT: Alright, I just ... just want to let you know I don't want to know anything about the particular case. Who is ... may I ask who Brenda Stacy is?

MR. ARGABRIGHT: Yes sir she was my spouse for ten years. Not legally married, common-law.

THE COURT: *And as I understand it ... what you are asking is that you're going to write to Miss Robertson*

*and ask for another attorney and if she turns you down then you have to go on your own, is that correct?*

MR. ARGABRIGHT: *Yes sir, and at this time I'd like to state here if ...*

THE COURT: *But you want ... want an attorney, is that ...*

MR. ARGABRIGHT: *Yes sir, I'd like to have an attorney.*

THE COURT: Well, I guess you have to ask Miss Robertson first.

MR. ARGABRIGHT: Yes sir.

      \*     \*     \*     \*     \*     \*

MR. ARGABRIGHT: At this particular point and time, yes sir. We've had different agreements on how to proceed with the matter throughout the entire past fourteen months I believe as to we should go to Baltimore County first before we go to Howard County to get its disposition and then when the papers ...

THE COURT: Well, they're ... they're all trial strategies. *That's ... well, I'll give you the opportunity to subpoena your witness.* I can't prohibit you from that. If your attorney refused to and you wanted the witness subpoenaed, I suppose I either have to postpone it or it will just be appealed and you have a post conviction and in either event it would be sent back. Let the record show that Mr. Argabright discharges Mr. Miller, the attorney assigned by the Public Defender's Office.

      \*     \*     \*     \*     \*     \*

THE COURT: *Now as I understand, if Miss Robertson doesn't supply another attorney with you, you come back you're not going to have an attorney, you understand that.*

MR. ARGABRIGHT: *Yes sir.*

THE COURT: I think this case has been here at least two times.

MR. ARGABRIGHT: It's been several times, Your Honor. It's been since May of 1986.

MR. MILLER: [Assistant Public Defender]: Your Honor, please, I might add one final point. I ... I think it should be made clear ... I said this before, I'll just reiterate it here again, Miss Robertson has no intention of assigning another attorney. It's not a question that's open to consideration at this point. So I think Mr. Argabright and the Court should be apprised of that now and whatever letters or contacts he may make with her, they will be to no avail.

MR. ARGABRIGHT: Is there ... I mean, can I ask the attorney here, Your Honor, why Miss Robertson would make a decision like that without even hearing from me?

THE COURT: Well, I don't know whether he can speak for Miss Robertson. I suggest you ask her personally by letter. (emphasis added)

The case was continued. When it was next called for trial, appellant appeared without counsel. At that time, he reported that he had written to Miss Robertson, who had refused to appoint an attorney to replace the one he had discharged. The following colloquy then occurred:

THE DEFENDANT [MR. ARGABRIGHT]: May I go on the record referring to some of the rules, Your Honor?

THE COURT: Yes.

THE DEFENDANT: In Maryland Rule 4–214, "Defense Counsel", it states, "The Public Defender may relieve appointed counsel and substitute new counsel for the defendant without order of the court...."

THE COURT: That's correct.

THE DEFENDANT: Okay. And in 214 it also states that the Public Defender should provide representation and if the Public Defender declines to do so, the court should appoint counsel; and I would refer to *Laquay v. State*, [16 Md.App. 709, 299 A.2d 527 (1973)].

THE COURT: Well, if I appoint you counsel, what are you going to do, tell him what to do also?

THE DEFENDANT: I would hope that he would pursue....

THE COURT: You would hope that he would.... You would hope that he would do what you tell him to do.

THE DEFENDANT: That he would pursue—at least pursue my requests....

THE COURT: Pursue it in accordance with your dictates.

THE DEFENDANT: Not necessarily my dictates, sir.

THE COURT: Well isn't that what you and Mr. Miller had a big difference of opinion on? Your dictates?

THE DEFENDANT: Mr. Miller wanted to plead me guilty, enter into a plea bargain. And there was the requirement as far as witnesses because I had not pled guilty, do not wish to plead guilty; and, therefore, my desires are that and, I think, basically, I have the right to contend my innocence and ...

THE COURT: Well my opinion, sir, is that this matter has been dragged on for much too long....

THE DEFENDANT: Yes sir.

THE COURT: ... And I think you have abused your rights to have counsel, and I am ready to proceed if the State is.

THE DEFENDANT: Okay, sir. Exactly how ... I am no attorney, I don't know how ... Some of the things, I hope ... I'll be begging the court's indulgence at ... At times then if I may refer ... I don't know if I can be heard.... Is it in rebuttal? In regards to the matter and the ruling?

THE COURT: I have made no ruling. What ruling do you speak of, sir?

THE DEFENDANT: As far as that I have waived my right to counsel.

THE COURT: Well it's not a question that you've waived your right to counsel. It's a question that you want what you want to do.

THE DEFENDANT: Yes sir.

THE COURT: The thing of it is you had Mr. Miller, you fired him; you asked the Public Defender to substitute

another attorney; apparently the Public Defender said, "No," and that's what the posture is.

THE DEFENDANT: But on the ground ... I think I stated to the Court the grounds for dismissing the attorney, I felt, at the time, like I said, there was ...

THE COURT: Well whether they were appropriate or inappropriate, as far as you're concerned, it's up to the Public Defender.

THE DEFENDANT: From what I understand by some of the rules I have here, sir, there would also be a decision to be made by the Court as to whether there was grounds for dismissing the attorney and then if the Public Defender's Office would not appoint any attorney, the Court could.

THE COURT: You want me to rule upon the fact that you dismissed the attorney, and you want me to rule that that's appropriate?

THE DEFENDANT: If I, in fact, had a valid reason for dismissing the attorney.

THE COURT: If you had a valid reason for dismissal?

THE DEFENDANT: Yes sir.

THE COURT: I don't represent you, Mr. Argabright. You have to make certain decisions in your life and that's your decision. I am not going to look in back of that decision.

THE DEFENDANT: All right, sir.

Appellant entered a plea of not guilty and the hearing proceeded.

1.

■ Maryland Rule 4–215(e), *Discharge of Counsel— Waiver*, provides:

If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does

not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance.

The procedure set out in the Rule comports with the constitutional requirements regarding the waiver of the right to counsel. *Fowlkes v. State,* 311 Md. 586, 606, 536 A.2d 1149 (1988), *aff'g,* 67 Md.App. 102, 506 A.2d 660 (1986). It contemplates that a trial court, as a threshold matter, will determine whether a request to discharge counsel is meritorious. *Id.,* 311 Md. at 607, 536 A.2d 1149. This is but the recognition that unless an accused can show, at some point, that his discharge of counsel was meritorious, his or her "knowing and intelligent refusal to proceed with current able counsel ... [will be] deemed to constitute a voluntary waiver of the right to counsel." 311 Md. at 606, 536 A.2d 1149. Thus, *Fowlkes* makes clear that when the trial court has determined that a request to discharge counsel is nonmeritorious and has informed the accused that the trial will proceed, as scheduled, with the accused unrepresented by counsel if the accused discharges counsel and does not have new counsel available to enter his appearance, and the record discloses that the accused was advised pursuant to Rule 4–215(a)(1)–(4), there has been compliance with the requirements of the Rule. Under those circumstances, the court may appropriately determine that the accused has knowingly and intelligently waived his right to counsel.

■ On the other hand, when the court determines that the reason for the discharge is meritorious, compliance with the Rule requires that it follow somewhat different procedures. Not only must the court permit counsel to be

discharged and continue the action, if necessary, but it must also advise the accused that, if new counsel does not enter an appearance by the next scheduled trial date, the trial will proceed with the accused unrepresented by counsel.

In the case *sub judice*, appellant sought to discharge his counsel as a result of a dispute between them concerning whether to subpoena a witness. Appellant also sought a continuance of the trial so that he could subpoena the witness and attempt to have the Public Defender's office appoint him another attorney. Although he made it clear that he wished to have counsel, he indicated that if the Public Defender's office would not appoint a different attorney, he would "pursue the proceedings myself".

The trial judge permitted appellant to discharge his counsel. In doing so, he stated his belief that he could not prohibit appellant from subpoenaing a witness and that, should he do so, he would be reversed either on appeal or after post conviction proceedings. The court also continued the proceedings with the admonition that "if [the Public Defender's office] doesn't supply another attorney with you, you come back you're not going to have an attorney, you understand that."

Appellant contends that the trial court "apparently found Appellant's reason for requesting dismissal of Mr. Miller to be meritorious", and he acknowledges that the court continued the proceedings "so that Appellant could ask Ms. Robertson personally if she would appoint another attorney from the Public Defender's Office." In these two respects, appellant admits, the court followed the requirements of the Rule. He argues, however, that the court failed to comply with the Rule in another respect: it did not advise appellant that "if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel." From this premise, appellant proceeds to assert that the court's implicit finding that appellant waived his right to counsel by failing to obtain counsel before the next trial date was error. Among the arguments he makes in support of that

assertion is that the court failed to place on the record the factual predicate which would justify a finding of waiver by inaction, *i.e.*, that the court had previously informed him of the "consequences of his action or inaction." *See Fowlkes v. State*, 67 Md.App. 102, 120, 506 A.2d 660 (1986), *aff'd*, 311 Md. 586, 536 A.2d 1149 (1988).

There can be no dispute but that the trial court did not advise appellant in the words of the Rule that his appearance at the next trial date without counsel would result in his being tried unrepresented by counsel; however, neither the Rule nor Maryland case law requires that it do so. Because appellant's intention, as revealed by his colloquy with the court, was to attempt to have the Public Defender's office appoint another attorney to represent him, and not to obtain, or attempt to obtain, private counsel, the message conveyed by the court was clear: if appellant were unsuccessful in having substitute counsel appointed by the Public Defender's office, the trial would proceed with him unrepresented by counsel. If, therefore, the Rule does not require appellant to be advised pursuant to Rule 4–215(a), then we would be constrained to conclude that there was sufficient compliance with the Rule in this case.[2]

The last sentence of 4–215(e) is specific in its requirement that "[i]f the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)–(4) of this Rule if the docket or file does not reflect prior compliance." Section 4–215(a)(1)–(4) provides:

> (a) *First Appearance in Court Without Counsel.*—At the defendant's first appearance in court without counsel, the court shall:

---

**2.** The accuracy of the conclusion that the trial judge determined that appellant's request to discharge counsel was for a meritorious reason is brought into question by the colloquy which occurred on the day on which the trial began. At that time, in response to appellant's specific request that the court determine whether his discharge of counsel was meritorious, the court refused to do so, indicating that it did not represent appellant and that it would not look in back of appellant's decision to discharge his counsel.

(1) Make certain that the defendant has received a copy of the charging document containing notice as to right to counsel.

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

The Court of Appeals, in *Fowlkes*, commenting on this section and Rule 4–215(b),[3] stated:

These requirements implement the constitutional mandate for waiver of the right to counsel.... Compliance with these requirements is necessary to ensure that the defendant has knowingly and intelligently waived the right to counsel.... (citations omitted)

311 Md. at 609, 536 A.2d 1149, citing *Snead v. State*, 286 Md. 122, 130, 406 A.2d 98 (1979) and *Parren v. State*, 309 Md. 260, 282, 523 A.2d 597 (1987). Requiring the court to comply with Rule 4–215(a)(1)–(4) thus serves the purpose of ensuring that an accused has sufficient information regarding the consequences of discharging counsel as to be able to

---

**3.** The portion of § (b), *Express Waiver of Counsel*, quoted by the court was:

... [T]he court may not accept the waiver until it determines, after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, that the defendant is knowingly and voluntarily waiving the right to counsel. If the file or docket does not reflect compliance with section (a) of this Rule, the court shall comply with the [sic] section as part of the waiver inquiry. The court shall ensure that compliance with this section is noted in the file or on the docket. At any subsequent appearance of the defendant before the court, the docket or file notation of compliance shall be prima facie proof of the defendant's express waiver of counsel. After there has been an express waiver, no postponement of a scheduled trial or hearing date will be granted to obtain counsel unless the court finds it is in the interest of justice to do so.
311 Md. at 608–09, 536 A.2d 1149.

waive knowingly and intelligently the right to counsel. In this case, the discharge of counsel was arguably for a meritorious reason, which presents the questions whether compliance is mandated in that situation as well as in the case of a non-meritorious one.

■ Ensuring that an accused who discharges counsel for a meritorious reason validly waives counsel, whether expressly, Rule 4–215(b), or by inaction, Rule 4–215(d),[4] is no less important than in the case of an accused who does so for a non-meritorious reason; in fact, it may be more so since, in the former situation, the desire to delay trial is less obvious. And there is nothing in the Rule which would suggest otherwise. Accordingly, we conclude that, whether the court finds that a discharge was for a meritorious reason or for a non-meritorious reason, it may not find either an express waiver of counsel or a waiver of counsel by inaction until it has complied with the requirements of Rule 4–215(a)(1)–(4), if that has not already been done. This conclusion is consistent with the purpose of the Rule, *see Fowlkes*, 311 Md. at 609, 536 A.2d 1149; *Parren*, 309 Md. at 281, 523 A.2d 597; *State v. Bryan*, 284 Md. 152, 158–59, 395 A.2d 475 (1978), and, in fact, is mandated by Rules 4–215(b), *see* note 3 *supra* and 4–215(d). *See* note 4 *supra.*

■ Although he permitted the discharge and continued the case, advising appellant that his failure to obtain substi-

---

4. Rule 4–215(d) provides:

> (d) *Waiver by Inaction—Circuit Court.*—In circuit court, if a defendant who has appeared before that court pursuant to section (a) of this Rule appears without counsel on the date set for a hearing or trial and indicates a desire to have counsel, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial.

tute counsel from the Public Defender's office would result in his being tried without counsel, the trial judge did not comply with Rule 4-215(a)(1)-(4) at that time. Moreover, neither the docket nor file reflects that the court had previously done so.[5] When appellant appeared in court on the next trial date, he did not, nor was he requested to, expressly waive his right to counsel; on the contrary, he specifically asked the court to appoint substitute counsel. Having refused to do so, the court determined that appellant had "abused [his] rights to have counsel...." That determination, of necessity premised upon appellant's inaction, was made despite the fact that appellant had never been advised by the court pursuant to Rule 4-215(a)(1)-(4). The requirements of the Rule are mandatory, *Parren*, 309 Md. at 280, 523 A.2d 597; *Snead v. State*, 286 Md. 122, 130, 406 A.2d 98 (1979); *Thompson v. State*, 284 Md. 113, 123, 394 A.2d 1190 (1978); *Bryan*, 284 Md. at 154, 395 A.2d 475, requiring strict, rather than "substantial compliance", *Parren*, 309 Md. at 280, 523 A.2d 597, and failure to comply with the requirements, reversible error. *Thompson*, 284 Md. at 122-26, 394 A.2d 597. Since the trial court did not

---

**5.** There is in the file a copy of the Initial Appearance Report, required by Rule 4-213(a), signed by a judicial officer of the District Court, *see* Rule 4-102(f), in this case a District Court Commissioner. By his signature, the judicial officer certified that he supplied appellant with a copy of the charging document and otherwise complied with the requirements of Rule 4-213(a). This does not suffice, however. *See* Rule 4-213(c), which provides:

> (c) *In Circuit Court Following Arrest or Summons.*—The initial appearance of the defendant *in circuit court* occurs when the defendant (1) is brought before *the court* by reason of execution of a warrant pursuant to Rule 4-212(e) or (f) (2), or (2) appears in person or by written notice of counsel in response to a summons. In either case, if the defendant appears without counsel *the court* shall proceed in accordance with Rule 4-215. If the appearance is by reason of execution of a warrant, the court shall inform the defendant of each offense with which the defendant is charged, ensure that the defendant has a copy of the charging document, and determine eligibility for pretrial release pursuant to Rule 4-216. (emphasis added)

*See also* Rule 4-215(a).

comply with the Rule, we are constrained to reverse its judgment.

## 2.

Appellant's next argument is, the Public Defender having refused to appoint substitute counsel, the court was under an obligation to conduct an inquiry into appellant's eligibility for court-appointed counsel. Appellant contends that when the court refused to conduct the inquiry and ultimately refused to appoint counsel, it erred. In support of these propositions, appellant relies upon *Thompson v. State, supra*,[6] and *Baldwin v. State*, 51 Md.App. 538, 444 A.2d 1058 (1982).[7]

Neither of these cases involves the issue presented by the case *sub judice*. Both turned upon the court's responsibility to determine an accused's indigency in the face of the accused's allegations that he was and the determination to the contrary by the Public Defender's office. *Thompson*, for example, proceeds on the premise that where a defendant is indigent, it is the duty of the Public Defender to provide legal representation for him or her. 284 Md. at 127, 394 A.2d 1190. Thus, when a defendant appears without counsel, contending that he or she is indigent, and the Public Defender declines representation, the court has the obligation of making "its own independent determination

---

6. In *Thompson,* the court stated that there is a "clear duty imposed on the court, in order to decide whether it should appoint counsel ... to make its own independent determination whether [an accused] is indigent and otherwise eligible to have counsel provided." 284 Md. at 129, 394 A.2d 1190.

7. Appellant relies upon the statement in *Baldwin* that:
   [i]n obvious recognition of the fact that the whole system has Constitutional underpinnings and that the courts must, of necessity, be the ultimate protector of those underpinnings, the Legislature provided in § 6(f) of the law that "[n]othing in this article shall be construed to deprive any court ... of its authority to appoint an attorney ... where the Office of the Public Defender declines to provide representation to an indigent person *entitled to representation under this article."* (emphasis in original)
   51 Md.App. at 552, 444 A.2d 1058.

whether a defendant is indigent and otherwise eligible to have counsel provided". 284 Md. at 129, 394 A.2d 1190. This is no more than recognition of what Maryland Code Ann., art. 27A, § 6(f) provides, in pertinent part:

Nothing in this article shall be construed to deprive [a circuit court] of its authority to appoint an attorney to represent an indigent person ... where the Office of the Public Defender declines to provide representation to an indigent person entitled to representation under this article.

*Baldwin* proceeds on a similar premise.

█ The broad proposition that appellant espouses is: the court must conduct an inquiry to determine whether to appoint counsel for an accused and, indeed, must appoint counsel whenever the Public Defender has previously appointed counsel, thus finding that the accused is indigent for purposes of appointed counsel; the accused has been permitted to discharge counsel for a meritorious reason; and the Public Defender refuses to appoint substitute counsel. But for the fact that it assumes that a trial judge has found the accused's request meritorious and, on that basis, permitted counsel to be discharged, appellant's argument might be easily dismissed. Requiring the court to conduct an inquiry to determine whether to appoint counsel and, perhaps, requiring that it do so, when counsel has been non-meritoriously discharged and the Public Defender's office has declined to appoint a substitute would directly conflict with a firmly settled principle of Maryland law: "... for indigent defendants unable to retain private counsel, the right to counsel is but a right to effective legal representation; it is not a right to representation by any particular attorney." *Fowlkes,* 311 Md. at 605, 536 A.2d 1149.

█ The situation is vastly different when a discharge has been determined by the court to have been for a meritorious reason. A request to discharge counsel is ordinarily motivated by an accused's contention that he or

she is not receiving effective assistance of counsel or by his or her desire to enhance the quality of the assistance he or she is receiving; it is, in other words, addressed to the accused's right to effective assistance of counsel. This is consistent with the purpose of Rule 4-215—"to protect that most important fundamental right to effective assistance of counsel, which is basic to our adversary system of criminal justice, and which is guaranteed by the federal and Maryland constitutions to every defendant in all criminal prosecutions." *Parren*, 309 Md. at 281–82, 523 A.2d 597. When, therefore, a court determines that such a request is meritorious, it presumably legitimizes both the premises on which the request is based and the good faith of the accused in making the request. Thus, such a finding forecloses any contention that an accused has acted in bad faith or with improper motive and, more specifically, that the accused is seeking either representation by a particular attorney or to delay the proceedings.

*Thompson* and *Baldwin*, although, as we have seen, not directly on point, present an analogous situation. In both cases, the court was presented with a disputed factual situation bearing upon an accused's entitlement to have counsel appointed. The disputed issue was whether the accused was indigent, as he alleged, or not, as the Public Defender's Office alleged. In each case, the Court held that the trial court should have resolved the factual dispute and appointed counsel if the accused was found to be indigent and otherwise entitled to assistance of counsel. In the instant case, appellant was financially and otherwise entitled to have counsel appointed to represent him, the Public Defender's office having previously so determined. This did not change when appellant requested that appointed counsel be discharged. The request presented, however, a factual dispute for resolution by the court: whether appellant's request to discharge counsel was meritorious. Since appellant was financially and otherwise entitled to have counsel appointed to assist him, a finding by the court that the request was meritorious would impose upon the

court the obligation of appointing counsel to replace discharged counsel, the Public Defender's office having declined to do so. *See Thompson,* 284 Md. at 128, 394 A.2d 1190. *See also* Rule 4–215(d), which requires the court to continue the trial if it determines that an accused's appearance without counsel is for a meritorious reason.

■ Although Rule 4–215(e), as interpreted by *Fowlkes,* 311 Md. at 607, 536 A.2d 1149, requires the trial judge to make a finding concerning the merit of a requested discharge of counsel and, notwithstanding appellant's assumption that he did so, we are not sure that there was compliance with this aspect of the Rule in this case. *See* note 2 *supra.* While the trial judge's comments at the initial hearing may be susceptible to the inference that the reason for the requested discharge was meritorious, subsequent events, specifically, his comments at the next hearing, indicate that this may not have been so. Since different consequences flow from a finding that the discharge was meritorious than from one that it was not, the issue needs to be definitively resolved. Therefore, on remand, if appellant's right to appointed counsel is still an issue, the court must specifically address the nature of the discharge and, having done so, determine whether to appoint counsel to represent appellant.

### 3.

■ Appellant's final contention is that evidence pertaining to his criminal responsibility should have been admitted into evidence and that the court's failure to admit it was error. We do not agree.

When asked to plead at the revocation hearing, appellant pled "not guilty"; he simply did not pursue his plea of not criminally responsible. Therefore, evidence bearing on his criminal responsibility, because it was not at issue, was irrelevant. Consequently, there was no need for the court to make a finding as to appellant's criminal responsibility and it properly excluded testimony as to it.

JUDGMENTS REVERSED.

CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY HOWARD COUNTY.

GARRITY, J., concurs with opinion.

GARRITY, Judge, concurring.

I concur only in the result, that of a remand.

The important question raised by this case is what must a trial judge do when an indigent defendant's attorney is excused for a meritorious reason, and the public defender's office refuses to appoint new counsel.

At first glance, it appears that Md.Rule 4–215(e) provides the answer. Indeed, the majority embraced its language and reversed the judgment because the trial court did not fully comply with its provisions. On closer reflection, however, I contend that unless its pertinent language is employed in harmony with that of Art. 27A, § 6(f), which allows the court to appoint an attorney when the Office of Public Defender declines to do so, Rule 4–215(e) does not adequately address the problem at bar.[1]

Rule 4–215(e) provides, in essence, that if counsel is allowed to be discharged for a meritorious reason, then the court may continue the matter, if necessary, and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the case will proceed to trial with the defendant unrepresented.

---

1. The trial court determined that because of the conflict appellant had with his attorney over the question of whether Ms. Stacy (appellant's former common-law wife of ten years against whom he had been convicted of committing a fourth degree sexual offense in violation of his probation) should be subpoenaed as a witness, a discharge of counsel was proper. Although the trial judge did not employ the specific adjective "meritorious," his comments and actions clearly amounted to such finding.

This rule is logical only if the defendant has the ability to obtain new representation. If the defendant lacks that ability because of indigency, the rule not only becomes illogical, but unconstitutional as well.

Although adopted by the Court of Appeals, the rule certainly was not designed to mandate that an indigent defendant who happened to have a meritorious reason for requesting dismissal of his counsel, would, upon discharge of counsel by the court, be totally responsible to retain new counsel. In the same vein, the very provisions the majority hold must be followed, i.e., Rule 4–215(a)(1)–(4) (that of making certain the defendant has received a copy of the charging document and is made aware of the importance of assistance of counsel), are utterly superfluous.

While designing the rule to apply to non-indigent defendants, for the most part, the Court of Appeals likely assumed that if an indigent defendant who was represented by the Public Defender's Office had a meritorious reason for discharging his attorney, that office would appoint a new attorney.

In this case, once Mr. Miller was meritoriously discharged, the Public Defender should have appointed a new attorney. The Public Defender chose not to do so. This left the defendant without an attorney and, because he was indigent, unable to procure one.

Md.Rule 4–215(e) simply does not address the situation presented in this case. I submit that the solution to this problem has been provided by the Legislature in Art. 27A, § 6(f). That statute reads as follows:

Nothing in this article shall be construed to deprive any court mentioned in § 4(b)(2) of this article of its authority to appoint an attorney to represent an indigent person where there is a conflict in legal representation in a matter involving multiple defendants and one of the defendants is represented by or through the Office of the Public Defender, or where the Office of the Public De-

fender declines to provide representation to an indigent person entitled to representation under this article.

We pointed out in *Baldwin v. State*, 51 Md.App. 538, 553, 444 A.2d 1058 (1982), that this statute placed a responsibility on trial judges to assure that defendants are not denied their right to counsel. Thus, when the Public Defender refuses to represent an indigent defendant, a trial judge may not force the defendant to trial without first deciding whether the court should appoint counsel under Art. 27A, § 6(f). *Thompson v. State*, 284 Md. 113, 128, 394 A.2d 1190 (1978).

The majority distinguishes the *Baldwin* and *Thompson* cases on the grounds that in both of those cases the reason for the Public Defender's refusal to represent the defendant was that the Public Defender did not believe the defendant was indigent. I believe this is too narrow a reading of these cases. I believe that the rationale of *Thompson* and *Baldwin* should be applied in all similar situations where the Public Defender's office has declined representation.

In the instant case therefore, I believe that after counsel was excused and the Public Defender made known his position that he was not going to represent appellant that Art. 27A, § 6(f) became applicable. Consequently, the trial judge, as a threshold matter, became responsible to conduct a hearing to decide whether the appellant was eligible as an indigent to receive the services of a court appointed attorney. The trial judge, by failing to do so in this case, denied the appellant of his right to counsel. For that reason, I would vacate the judgment and remand the case for further proceedings.